UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                              Chapter 11

    3052 Brighton First, LLC,                   Case No. 20-40794-nhl

                                                     Hon. Nancy Hershey Lord
                            Debtor.              United States Bankruptcy Judge
-------------------------------------------------------------x

## DECLARATION OF GREG CORBIN IN SUPPORT OF
## RETENTION OF ROSEWOOD REALTY GROUP AS BROKER

GREG CORBIN hereby declares under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the following is true and correct to the best of my knowledge, information and belief:

1.     I am a licensed real estate agent in the state of New York and am the President of Bankruptcy and Restructuring at Rosewood Realty Group ("Rosewood").

2.     I am authorized to execute this Declaration on behalf of Rosewood.

3.     I respectfully submit this Declaration in support of the retention of Rosewood (the "Broker") as exclusive real estate broker for the sale of the real property commonly known as 3052/3062 Brighton 1st, Brooklyn, NY 11245 (the "Property").

4.     Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein. To the extent any information disclosed herein requires amendment or modification upon Rosewood's completion of further review, or as additional information regarding parties in interest in this Chapter 11 Case becomes available, a supplemental declaration will be submitted to the Court reflecting such amended, supplemented, or otherwise modified information.

## ROSEWOOD'S QUALIFICATIONS

5.   Rosewood is well-suited to provide real estate services to the Madison Realty Capital (together with its affiliates (*e.g.*, 3052 Brighton 1st Street II LLC and 3052 Brighton 1st Street LLC) "*Client*"). Rosewood is a licensed real estate broker in and by the State of New York, with substantial experience in the marketing and sale of commercial and residential real property. Rosewood has been ranked the number one single office investment sales firm in New York in transaction volume from 2007 to 2019. Rosewood has reached over $3.2 billion in sales per year and its principals and brokers have sold over 3,300 buildings. Moreover, Rosewood has a team of 20 brokers who all work to procure purchases for the properties Rosewood sells, rather than a single agent or team working to market a property. Rosewood has extensive experience and expertise in selling buildings in chapter 7 and chapter 11. Within the past year, Greg Corbin, President of Rosewood's Bankruptcy and Restructuring Group, has either sold, is in contract for, or is selling 28 buildings in bankruptcy or foreclosure. These buildings, either individually, or as a package, total approximately 485,000 square feet with an aggregate value of over $200,000,000. Accordingly, Rosewood will be able to effectively market the Property.

## SERVICES TO BE RENDERED DURING THE CHAPTER 11 CASE

6.   In connection with this Chapter 11 Case, the services Rosewood will provide to Client are covered by the *Retention Agreement*, a copy of which is attached hereto as Exhibit 1, between Madison Realty Capital (together with certain of its affiliates, "Madison") and Rosewood. Pursuant to the Retention Agreement, Rosewood will use its commercially reasonable efforts to obtain a satisfactory purchaser for the Property on such terms as are acceptable to the Client. Rosewood will negotiate the business terms of each purchase and

sale agreement on behalf of the Client, subject to the Client's review and approval. Rosewood will cooperate with other licensed real estate brokers, if any, representing purchasers subject to the terms of the Retention Agreement.

### ROSEWOOD'S DISCLOSURE PROCEDURES

7. In connection with preparing and submitting this declaration, Rosewood searched its records for any past and present transactions and/or contracts that involve, or *may* have involved the Debtor, and its principals, agents, and affiliated entities, the Debtor's creditors or any other party in interest in the instant Bankruptcy Court proceeding, along with the employees of the local Office of the United States Trustee and determined that it has no such transactions and/or contracts to disclose.

### ROSEWOOD'S DISINTERESTEDNESS

8. To the best of my knowledge, information and belief, Rosewood does not currently represent the Debtor or any of its agents, principals or affiliated entities, the Debtor's creditors, any of the employees of the local Office of the United States Trustee, or any other party in interest in the Chapter 11 Case, in connection with any active, ongoing or pending listing contract for sale/rent or buyer/tenant representation agreement.

9. To the best of my knowledge, information and belief, neither Rosewood nor any of its employees or affiliated sales associates represent any interest adverse to the Debtor or its estate in any matters upon which Rosewood is to be engaged.

10. Further, in the course of its real estate brokerage business, Rosewood appears in numerous cases, proceedings and/or transactions that involve many different professionals, including attorneys, accountants and financial consultants, who may represent claimants and parties-in-interest in the Debtor's Chapter 11 Case. In addition, Rosewood has in the past, may currently and likely will in the future be working with other professionals involved in this

case in matters unrelated to the Debtor and this case. To the best of my knowledge, information and belief, none of these relationships create interests materially adverse to the Debtor in the matters upon which Rosewood is to be employed.

11. It was determined that Rosewood does not hold or represent an interest that is adverse to the Debtor's estate, and that Rosewood is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that Rosewood, or its employees or affiliated sales associates:

    (i)    are not creditors, equity security holders or insiders of the Debtor;

    (ii)    are not and were not investment bankers for any outstanding security of the Debtor;

    (iii)    have not been, within three years before the Petition Date, investment bankers for a security of the Debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtor;

    (iv)    are not and were not, within two years before the Petition Date, a director, officer, or employee of the Debtor or any investment banker specified in subparagraph (ii) or (iii) of this paragraph; and

    (v)    do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker specified in subparagraph (ii) or (iii) of this paragraph, or for any other reason, other than as set forth herein.

12. Rosewood maintains that it is disinterested and should be retained to serve as the Client's real estate broker, in connection with the matters contemplated in the Application.

13. Rosewood will regularly review its records to ensure that no disqualifying circumstances arise as to any new, significant creditors that come to light, and if any new relevant facts or relationships are discovered, Rosewood will file a supplemental disclosure with the Court and serve such supplemental disclosure on the Office of the United States Trustee for the Southern District of New York.

14. Based upon the foregoing, insofar as I have been able to ascertain after diligent inquiry, I believe that Rosewood does not hold or represent an interest adverse to the Debtor's estate in the matters upon which Rosewood is to be employed, and that Rosewood is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

## PROFESSIONAL COMPENSATION

15. Rosewood is not a creditor of the Debtor or its estate. The Debtor has not yet paid any amounts to Rosewood, either pre- or post- petition.

16. It is contemplated that Rosewood will seek compensation in accordance with the Retention Agreement, subject to the approval of this Court and compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the United States Trustee's Guidelines for Fees and Disbursements, and any administrative orders issued by the Court.

17. The source of any compensation to Rosewood shall be from the Buyer's Premium (as defined in the Bid Procedures approved by the Court), to be paid out of the proceeds of the sale of the Property in accordance with the Retention Agreement. Rosewood's compensation is results-oriented and directly related to benefits received by the Debtor's Estate. Rosewood will not be compensated based upon time and effort expended. Accordingly, Rosewood respectfully submits that the recording and submission of detailed time entries for services rendered in these sales is unnecessary; and, it would be unduly burdensome to Rosewood.

18. No promises have been received by Rosewood, or any employee or affiliated sales associate thereof, as to payment or compensation in connection with this Chapter 11 Case other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and

the Local Bankruptcy Rules.  Rosewood has no agreement with any other entity to share with such entity any compensation received by Rosewood or by such entity.

19. The Application requests approval of Rosewood's retention on terms and conditions consistent with the Listing Agreement.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: New York, New York
       July 30, 2020

_____
Greg Corbin