# Exhibit A

**(Immediately Follows This Page)**

# BID PROCEDURES

The following bid procedures (the "Bidding Procedures"), which were approved by an order for the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") dated February __, 2021, shall govern the Auction and Sale of the real property of 3052 Brighton First LLC (the "Debtor") commonly known as and located at 3052/3062 Brighton 1st Street, Brooklyn, New York 11235 (the "Property") described in that certain *3052 Brighton 1st Street LLC and 3052 Brighton 1st Street II LLC's Second Amended Plan of Liquidation for 3052 Brighton First, LLC* (the "Plan"), and *Second Amended Disclosure Statement to Secured Creditors 3052 Brighton 1st Street II LLC's and 3052 Brighton 1st Street LLC's Second Amended Plan of Liquidation for the Debtor* (the "Disclosure Statement"), which were filed by 3052 Brighton 1st Street II LLC and 3052 Brighton 1st Street LLC (the "Proponents") and Order Approving the Disclosure Statement [ECF No. 106] entered by the Bankruptcy Court. The Proponents will seek entry of an order from the Bankruptcy Court authorizing and approving the Sale of the Property free and clear of liens, claims, encumbrances, and interests, to the Successful Bidder (as defined in the Plan and Disclosure Statement) as may be made at the Auction (as defined below).

A. Approvals. The proposed sale shall in all respects be subject to approval by the Bankruptcy Court and in compliance with (i) the applicable provisions of the Bankruptcy Code, (ii) the Bankruptcy Rules, and (iii) other applicable rules and law.

B. Assets to be Sold. The assets to be sold shall consist of the Property, which will be sold as follows:

   (i) The sale (the "Sale") shall consist of the Property by Rosewood Realty Group (the "Broker"), who has been retained by the Proponents at or before the Auction. Such sale shall be free and clear of liens, claims, encumbrances and interests.

C. Sale As Is, Where Is. The Property shall be sold as is, where is, without any representation or warranty of any type whatsoever.

D. Qualification of Bidders. Any potential bidder, other than the Proponents, who wishes to submit a bid with respect to the Property must demonstrate to the satisfaction of the Broker that such potential bidder is a "Qualified Bidder." A Qualified Bidder is a potential bidder who delivers to the Broker a written and signed, binding offer **on or before the Bid Deadline** (as defined below) that:

   (i) is a bid for the Property in its entirety for a cash price equal to or greater than $_____;

   (ii) states that the bidder is prepared to enter into a legally binding purchase and sale agreement ("PSA") for the acquisition of the applicable Property on

1

        terms and conditions reasonably acceptable to the Proponents (as determined by the Proponents in their reasonable business judgment);

(iii)    states the bidder's offer is irrevocable, and not contingent until the closing of the purchase of the Property if such bidder is the Successful Bidder;

(iv)    does not request or entitle the bidder to any transaction or break-up fee, expense reimbursement or similar type of payment;

(v)    fully discloses the identity of each entity that will be bidding for the Property (the "Potential Bidder") or otherwise participating in connection with such bid on behalf of the Potential Bidder, the terms of any such participation (including, if the Potential Bidder is an entity formed for the purpose of consummating the proposed transaction contemplated by the bid, the equity holder or other financial backer), the Potential Bidder's address, telephone number and email address where the bidder may be contacted;

(vi)    is accompanied by evidence that a good faith deposit in the amount of 10% of the Potential Bidder's bid (the "Good Faith Deposit"), in immediately available funds, has been made (or is concurrently being made) by wire transfer to Kriss & Feuerstein LLP, as escrow agent (the "Escrow Agent"), pursuant to wire instructions to be provided by the Proponents, and acknowledges that the Good Faith Deposit shall be held by the Escrow Agent in a non-interest bearing, segregated, account of the Escrow Agent for the Debtors' estate in accordance with the terms hereof;

(vii)    states that the bidder is financially capable of consummating the transaction contemplated by the bidder's bid and any increased or modified bid that may be made at the Auction;

(viii)    is accompanied by financial information satisfactory to the Proponents which fairly and reasonably demonstrates the Potential Bidder's ability (and the sources of the Potential Bidder's ability) to close on its purchase of the Property if the Potential Bidder should be the Successful Bidder (as hereinafter defined), in an amount at least as much as its bid as necessary to consummate the transaction contemplated by the bidder's bid and any increased or modified bid that may be made at the Auction;

(ix)    includes an executed original of these Bid Procedures acknowledging and agreeing to these Bid Procedures and all the terms thereof, including the following:

    1.    the Potential Bidder is not a partner, officer, director, stockholder, agent, employee or insider of the Debtor, the Debtor's principals, the Broker, the Proponents, Proponents' principals or any relative of any of the foregoing, unless waived in writing by the Proponents prior to the Bid Deadline;

        2.      the Potential Bidder relied solely on its own independent investigation, analysis, appraisal and evaluation of the Property and it did not rely upon and did not receive any written or oral statements, representations, warranties, promises or guarantees whatsoever, whether express or implied or by operation of law or otherwise, with respect to the Property; and

        3.      the Potential Bidder's bid is irrevocable until the earlier of the Closing Date (as defined herein) or until its bid is affirmatively rejected;

(x)    includes evidence of authorization and approval from the bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery, and closing of a PSA; and

(xi)    contains other information reasonably requested by the Proponents and/or the Broker.

A competing bid meeting the above requirements shall constitute a "Qualified Bid". The Broker shall make a determination regarding whether a bid is a Qualified Bid and shall notify bidders whether their bids have been determined to be qualified by no later than 4:00 p.m. three business days prior to the date of the applicable Auction.

E.    Buyer's Premium. The Buyer's Premium shall be either: (1) $100,000 to be paid by the Proponents, if the Proponents are the successful bidder; or (2) 2% of the amount of the Successful Bid (defined below), to be paid by the successful bidder, if anyone other than the Proponents is the successful bidder. Any Buyer's Premium must be paid to the Broker at closing.

F.    Deposit Increase. Subject only to Section (E) hereinabove, if the Potential Bidder becomes the Successful Bidder, it shall, within two (2) business days after the Auction, increase the Deposit as necessary to an amount equal to ten (10%) percent of (i) the final bid at the Auction, plus (ii) the Buyer's Premium, within 48 hours of the Auction TIME BEING OF THE ESSENCE.

G.    Closing Deadline. The Successful Bidder(s) shall close on the purchase of the applicable Property within twenty-one (21) days after the completion of the applicable Auction; provided however that the closing date may be extended up to an additional 30 days if the Successful Bidder pays the per diem carrying costs for each day that the closing date is extended; provided further that the closing date may take place on such other date as the Proponents and the Successful Bidder may mutually agree to in writing, or on such other date as may otherwise be directed by Order of the Bankruptcy Court (such date, the "Closing Date"), with TIME BEING OF THE ESSENCE AS TO THE SUCCESSFUL BIDDER'S OBLIGATION TO CLOSE ON THE CLOSING DATE AND TO PAY THE BALANCE OF THE PURCHASE PRICE AT THE CLOSING. The Proponents will use its reasonable

      best efforts to obtain an order of the Bankruptcy Court approving each sale and a finding of good faith and non-collusive behavior of such sale pursuant to Section 363(m) and (n) of the Bankruptcy Code within a week of the completion of each Auction.

H.    <u>Proponents as a Qualified Bidder</u>. Notwithstanding anything herein to the contrary, the Proponents are a Qualified Bidder and although under no obligation to do so, are entitled to credit bid jointly up to and including the Allowed amount of their claims as of the Auction Date for the Property pursuant to 11 U.S.C. § 363(k), each without the need for any deposit or fulfilling the other requirements for a Potential Bidder to be a Qualifying Bidder.

I.    <u>Bid Deadline</u>. **All Qualified Bids must be submitted at a date (the "<u>Bid Deadline</u>") to be set by the Broker no earlier than 30 days following the later of (a) the entry of the Confirmation Order in connection with the Sale, or (b) the first date that the moratorium on foreclosure sales in New York State is lifted as to the Property.** Prior to the Bid Deadline, Qualified Bidders shall deliver written copies of their bids to counsel to the Proponents, Kriss & Feuerstein, LLP, 360 Lexington Avenue, Suite 1200, New York, NY 10017, Attn: Jerold C. Feuerstein, Esq., Daniel N. Zinman, Esq., and Stuart L. Kossar, Esq. with a copy to the following email addresses: dzinman@kandfllp.com and skossar@kandfllp.com.

J.    <u>Auction</u>. In the event that the Proponents receive before the Bid Deadline one or more bids that they deem in their discretion to constitute Qualified Bids (other than by the Proponents), the Broker shall conduct an auction with respect to the Property (the "<u>Auction</u>"). The Auction shall take place on a date to be set by the Broker no later than 5 business days after the applicable Bid Deadline at 11:00 a.m. (ET) (the "<u>Auction Time</u>") at the offices of counsel to the Proponents, Kriss & Feuerstein, LLP, 360 Lexington Avenue, Suite 1200, New York, NY 10017, or such other place and time as the Broker shall notify all Qualified Bidders, the Proponents, and other invitees via e-mail or facsimile not later than one (1) business day before the Auction Time (or re-scheduled Auction Time, as applicable); provided, however, that the Broker may designate the auction as an on-line auction and provide each Qualified Bidder with the appropriate instructions to participate in same, if the Broker deems it necessary or advisable given current restrictions and health concerns, in the Broker's sole and absolute discretion. If, however, no such other Qualified Bid is received by the Bid Deadline, then the Auction will not be held, and Broker shall so notify the Proponents no later than one (1) business day after the Bid Deadline and the Proponents shall proceed to seek approval of the Bankruptcy Court of a PSA containing the Proponents' credit bid. The Auction shall be governed by the following procedures:

      (i)    Only authorized representatives and respective counsel of each of the Qualified Bidders, the Proponents, and the Broker shall be permitted to attend and participate at the Auction, unless otherwise agreed to by the Broker in its sole discretion;

(ii)   Only the Proponents and other Qualified Bidders shall be entitled to make any subsequent bids at the Auction;

(iii)  The Proponents and each Qualified Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale;

(iv)   Bidding shall commence at the amount of the highest and best Qualified Bid submitted by the Qualified Bidders by the Bid Deadline;

(v)    The Broker shall have the exclusive right to set the bidding increments;

(vi)   The Proponents and other Qualified Bidders shall participate in person at the Auction (or through a method designated by Broker), through a duly authorized representative with authority to bind the entity;

(vii)  The Auction will be conducted so that the Proponents and each Qualified Bidder will be informed of the previous bid;

(viii) The Auction shall continue until there is only one final offer for the Property that the Broker determines, subject to Bankruptcy Court approval, is the highest and best offer submitted at the Auction from among the Qualified Bidders and the Proponents (the "Successful Bid"). The bidder submitting each such Successful Bid shall become a "Successful Bidder" and shall have such rights and responsibilities set forth herein, in the Plan and in the PSA;

(ix)   At the end of the Auction, the Broker shall also announce the next highest and otherwise best offer(s) after the Successful Bid (the "Next Highest Bid(s)," and the Qualified Bidder that submitted such bid, the "Next Highest Bidder(s)").

(x)    The Proponents reserve the right to seek approval of the Next Highest Bid(s) as a back–up bid and may seek approval at the Sale Hearing to close the Sale to the Next Highest Bidder(s) if the Successful Bidder(s) fails to close for any reason;

(xi)   if the Next Highest Bidder(s) is determined by the Broker to have submitted the Next Highest Bid(s), or next best bid (the "Next Best Bid(s)") at the Auction, it will be considered a back-up bid (the "Backup Bid(s)") and, the Next Highest Bidder(s), therefore, to be designated the back-up bidder (the "Back-up Bidder(s)"), who shall be notified in writing that the Proponents has determined to proceed with the Back-up Bid(s) after default by the Successful Bidder(s), the Potential Bidder(s) shall close on the purchase of the Property on the Back-up Closing Date (as hereinafter defined), with TIME BEING OF THE ESSENCE AS TO THE BACK-UP BIDDER'S OBLIGATION TO CLOSE AND TO PAY THE BALANCE OF THE PURCHASE PRICE ON THE BACK-UP CLOSING DATE;

      (xii)    if (a) a Qualified Bidder is a Successful Bidder, the Deposit shall become non-refundable and shall be forfeited by such Successful Bidder as liquidated damages in the event such Successful Bidder shall fail to close the purchase of the Property on the Closing Date, except as otherwise expressly permitted under the PSA entered into between the Proponents and such Successful Bidder(s); and (b) if the Back-up Bidder(s) and the Broker determine to proceed with the Back-up Bid(s) after default by the Successful Bidder(s), the Deposit shall become non-refundable and shall be forfeited by such Back-up Bidder(s) as liquidated damages if the Back-up Bidder(s) shall fail to close the purchase of the Property on the Backup Closing Date(s), except as otherwise expressly permitted under the PSA entered into between the Proponents and such Back-up Bidder(s); and

      (xiii)    If more than one Qualified Bidder(s) submits a bid in excess of the Bid deemed submitted by the Proponents, (the "Stalking Horse Bid(s)"), after selection of the Successful Bidder(s), then the Broker shall determine which bid constitutes the Back-up Bid(s).

K.    <u>Closing on Back-up Bid</u>.  If for any reason the Successful Bidder(s) shall fail to timely close the sale of the Property, and the Proponents, in accordance with the provisions of the PSA entered into between the Proponents, on behalf of the Debtor's estate, and the Successful Bidder(s), determine to proceed with the Back-up Bid(s), the Back-up Bidder(s) shall close on the purchase of the Property and pay the amount of the Back-up Bid(s), less its Deposit previously posted, on the later of the Closing Date and ten (10) business days after written notice of the Successful Bidder's default in closing (the "<u>Back-up Closing Date</u>"), with TIME BEING OF THE ESSENCE AS TO THE BACK-UP BIDDER'S OBLIGATION TO CLOSE ON THE BACK-UP CLOSING DATE AND TO PAY THE BALANCE OF THE PURCHASE PRICE AT THE CLOSING. If the Proponents proceeds with the Back-up Bid(s), then the Back-up Bidder(s) shall be obligated to close title to the Property and there shall be no contingency of any kind or nature that will permit the Back-up Bidder(s) not to proceed on the Back-up Closing Date other than the inability of the Proponents to deliver title to the Property. In the event the Back-up Bidder(s) shall be obliged, but shall fail, to timely close purchase of the Property in accordance with the provisions of the PSA entered into between the Proponents and the Back-up Bidder(s), the Back-up Bidder(s) shall be in default, and the Back-up Bidder(s) shall forfeit its Deposit.  Notwithstanding the foregoing, the Purchaser shall have the right, but not the obligation, to extend the Back-up Closing Date up to an additional ten (10) business days (the "<u>Adjourned Back-up Closing Period</u>"), with TIME BEING OF THE ESSENCE as to the Back-up Bidder's obligation to close prior to the expiration of the Adjourned Back-up Closing Period; and in such event, if the Back-up Bidder(s) shall fail to close the purchase of the Property prior to expiration of the Adjourned Back-up Closing Period in accordance with the provisions of its PSA, the Backup Bidder(s) shall be in default and the Back-up Bidder(s) shall forfeit its Deposit.