UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re:                                                                    Chapter 11

3052 Brighton First, LLC,                                       Case No. 20-40794-nhl


                         Debtor.
------------------------------------------------------x

## DECLARATION OF ALTAGRACIA B. PIERRE-OUTERBRIDGE, ESQ. REGARDING RETENTION AS SPECIAL COUNSEL FOR THE DEBTOR

      I, Altagracia B. Pierre-Outerbridge, Esq., being of legal age and in all respects competent, declare the following:

    1. I am a member of Outerbridge Law, P.C. ("outerbridge"), counsel for Debtor 3052 Brighton First, LLC ("Debtor") in an action currently pending in the matter of Leonard Roberts, on behalf of himself and all others similarly situated v. 3052 Brighton First LLC, Index No. 521058/2020 pending in the Supreme Court of the State of New York, County of Kings (the "State Court Action").  As such, I have relevant knowledge of the facts of circumstances based on my own personal knowledge and the files maintained by Outerbridge.

    2. I submit this Declaration in Further Support of Debtor's application to retain Outerbridge and Kucker Marino Winiarsky & Bittens, LLP ("KMWB") as Special Litigation Counsel for the Debtor in the State Court Action.

    3. On or about December 9, 2021, Outerbridge retained KMWB as outside counsel to represent Debtor in the State Court Action.  Outerbridge sought out KMWB's assistance as the State Court Action is a class-action matter alleging rent overcharges by the Debtor.  This is no different than multiple attorneys from the same law firm working on a matter.  I have over fifteen (15) years of extensive experience both prosecuting and defending rent overcharge matters and

am well-qualified to represent the Debtor in the State Court Action. A true copy of the retainer entered into between Outerbridge and KMWB is annexed hereto as **Exhibit A**.

4. The Debtor agreed and consented to this 'Of-Counsel' relationship and was notified of such in writing. Moreover, the hourly rates in the Debtor's retainer with Outerbridge are being honored by KMWB.

5. On April 22, 2022, KMWB filed a Notice of Appearance in the State Court Action for the Debtor. A true copy of this Notice of Appearance is annexed hereto as **Exhibit B**.

6. That same day, KMWB filed a Notice of Cross-Motion and related motion papers on behalf of the Debtor in the State Court Action (NYSCEF Doc. Nos. 64-72). A true copy of the Notice of Cross-Motion is annexed hereto as **Exhibit C**.

7. At no time prior to counsel for Plaintiff's now eleventh-hour alleged objections to KMWB's representation of the Debtor did counsel for Plaintiff ever make an objection(s) to KMWB's representation of the Debtor in the State Court Action. Counsel for Plaintiff was well-aware of KMWB's representation of the Debtor based on KMWB's filings in the State Court Action. As such, Plaintiff has waived its rights to now object to such representation.

8. These eleventh-hour alleged objections are nothing more than gamesmanship on behalf of Plaintiff and its counsel. Plaintiff cannot claim prejudice since Plaintiff was well-aware of KMWB's representation of the Debtor since April 2022.

9. Counsel for Plaintiff in the State Court Action, Roger Sachar, Esq., is seeking to object to the *nunc pro tunc* appointment of Outerbridge and KMWB as Special Counsel for the Debtor as nothing more than a bad faith litigation strategy in an attempt to have the Debtor's court filings in the State Court Action invalidated so that Plaintiff can prevail on default instead of having to properly meet its burden for class certification, among other things.

10. On August 1, 2022, Bruce Weiner, Esq., Debtor's bankruptcy counsel, filed an affirmation in the State Court Action explaining the circumstances under which the necessary order to retain Outerbridge had not been entered in this Chapter 11 proceeding. A true copy of this affirmation is annexed hereto as **Exhibit D.**

11. This failure of bankruptcy counsel to properly file the proposed Order shocked all of parties to the State Court Action. It was Mr. Sachar, counsel for Plaintiff in the State Court Action and a creditor/claimant in this action, who first advised me that Outerbridge had been retained as Special Counsel by this Court.

12. At worst, this is a mutual mistake of all counsel – Outerbridge, KMWB and Mr. Sachar. Mr. Sachar believed that Outerbridge was Special Counsel for the Debtor in the State Court Action and objected to my application to withdraw as counsel for the Debtor in the State Court Action.

13. On August 2, 2022, Michael F. Cuttitta, Esq., a member of KMWB, submitted an affirmation in opposition to a motion filed by Plaintiff's counsel seeking, among other things, sanctions against Outerbridge and KMWB. A true copy of this affirmation is annexed hereto as **Exhibit E**.

14. As set forth in that affirmation, it was not until June 28, 2022, that it came to light that Debtor's bankruptcy counsel, Bruce Weiner, Esq., had not submitted a proposed Order to the Office of the United States Trustee despite having filed an application in this action to retain Outerbridge as Special Counsel in August 2021.

15. Neither Outerbridge nor KMWB works with Mr. Weiner as part of the State Court Action. As such, neither Outerbridge nor KMWB had reason to know that the necessary Order had not been submitted to this Court.

16. Neither Mr. Cuttitta, myself, nor any member of KMWB or Outerbridge were aware of, nor had any reason to know of any alleged oversight in the appointment of Outerbridge as special counsel to the Debtor in this Chapter 11 proceeding. Further, KMWB has not appeared nor acted as counsel in this Chapter 11 proceeding in any capacity.

17. The work performed by Outerbridge and KMWB is not duplicative. Any objection that counsel for Plaintiffs in the State Court Action to billing by Outerbridge and KMWB is simply not relevant to whether they should be appointed as Special Counsel to the Debtor.

18. In any event, Outerbridge and KMWB must make application to this Court for payment of any fees, expenses, etc., comply with the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330, and all such applications must be formally approved by this Court.  If this Court believes there is duplication of effort by Outerbridge and KMWB, this Court can decline to approve such duplication of effort.

19. In light of the foregoing, it is respectfully request that this Court authorize the Debtor to retain Outerbridge and KMWB as Special Litigation Counsel, *nunc pro tunc*, pursuant to 11 U.S.C. §327(a), to represent the Debtor in the matter of Leonard Roberts, on behalf of himself and all others similarly situated v. 3052 Brighton First LLC, Index No. 521058/2020 pending in the Supreme Court of the State of New York, County of Kings.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Date:   September 4, 2022                                *Altagracia Pierre-Outerbridge*
                                                         _____
                                                         Altagracia B. Pierre-Outerbridge, Esq.