

| | |
|---|---|
| Alan D. Kucker | OF COUNSEL |
| James R. Marino | Patrick K. Munson |
| Nativ Winiarsky | Abner T. Zelman |
| Andrew B. Bittens* | Nikolaos Preponis |
| William D. Hummell | Patrick K. Yu |
| Catherine A. Helwig* | Nicholas G. Yokos* |
| Craig P. Gambardella | Daniel Gewirtz |
| Gregg R. Kurlander | Tanya M. Owens |
| Jason M. Frosch | Kacey H. Sou |
| Lisa Faham-Selzer | |
| Joseph S. Goldsmith | * Also admitted in NJ |
| Vladimir Favilukis | |

Rachel V. Kramer
Nathan S. Shore
Danielle K. Ciraola
Kathleen B Kelliher*

December 9, 2021

VIA E-mail to: contact@outerbridgelaw.com & Altagracia@outerbridgelaw.com
Outerbridge Law P.C.
Attn: Altagracia B. Pierre-Outerbridge, Esq.
250 Park Avenue, 7th Floor
New York, New York 10177

                            **Re: Robertson, Leonard v. 3052 Brighton First LLC**
                                **Index No. 521058/2020**
                                <u>**Attorney-Client Agreement**</u>

Dear Ms. Pierre-Outerbridge:

      We are pleased that you have decided to retain Kucker Marino Winiarsky & Bittens, LLP (the "Firm") as counsel for each of you. This letter will confirm our understanding regarding the Firm's representation in connection with the above-referenced legal proceedings. We are looking forward to a long and pleasant relationship with you and sincerely hope that we will be able to render the services which you require in a manner which will be of the greatest assistance to you.

      Before proceeding with legal work, we require a retainer in the sum of $5,000.00. You will be billed in accordance with the rate schedule shown below for all legal work performed in your behalf regarding these cases. (This amount will be offset against the retainer payment.)

      At the present time the Firm's hourly rates are as follows:

| | |
|---|---|
| Alan Kucker, James Marino, Nativ Winiarsky and Andrew Bittens | $400.00 |
| Partner/Of Counsel | $400.00 |
| Senior Associate | $400.00 |
| Junior Associate | $400.00 |
| Paralegal | $180.00 |
| Clerk | $100.00 |

Case 1-20-40794-nhl   Doc 263-1   Filed 09/05/22   Entered 09/05/22 21:42:51
DocuSign Envelope ID: 8CEEE53E-0F29-4854-ADDE-DB3198B7CEE1

During the course of our relationship, it may be necessary for the Firm to increase its hourly rates to reflect an increase in operating expenses. You will be notified of any such increase. It may also be necessary for the firm to ask for and receive an additional retainer at appropriate times.

The Firm provides clients with timely, detailed invoices for professional services performed. Invoices are rendered on a monthly basis and are due and payable upon receipt.

You agree to pay for all work performed by the Firm. The Firm bills in one-tenth of an hour increments. The Firm bills for all professional services reasonably performed on Your matter, which may include, but are not limited to, telephone calls, e-mails, meetings, research, writing, strategizing, appearing in court (including waiting time) and at meetings, as well as travel time, both local and out of town. Please keep in mind that throughout the Firm's representation of You that when You initiate a phone call with one of the Firm's attorneys, or send the Firm's attorney an e-mail requesting consideration of a matter or requesting a response, the Firm will bill you for the time spent by the attorney participating in the telephone call or responding to Your e-mail.

Each monthly invoice reflects services rendered through the end of the month and includes all out-of-pocket expenses incurred. Such charges include court costs, computer legal research charges (such as LEXIS NEXIS, Westlaw and any other computer legal research services), long distance telephone calls, duplications and certified copies, extraordinary postage, transportation expenditures, and filing and/or recording fees. The Firm currently does not charge for local phone costs.

Failure to pay the bill by the (30th) day after receipt will result in the imposition of a late charge equal to nine percent (9%) per annum on the unpaid balance and a discontinuance of legal service, provided, this Firm will not discontinue services without giving the client due notice of such intention to discontinue, suggesting employment of other counsel, allowing time to employ other counsel, delivering all papers and property to which the client is entitled, cooperating with counsel subsequently employed and otherwise endeavoring to minimize the possibility of harm to assure that the client's case will not be prejudiced thereby.

You have the right to terminate this engagement, by written notice, at any time. The Firm has the same right to terminate this engagement, by written notice, at any time, subject to our obligation to give you reasonable notice to permit you to obtain alternative representation and subject to applicable ethical provisions governing the practice of law in New York State. If you or the Firm decides to terminate this engagement, the Firm will charge for any fees and disbursements already incurred, as well as for any further reasonable fees and expenses incurred in transferring our representation to another counsel of your choice.

You are aware that the Firm represents other companies and individuals in several jurisdictions. It is possible that during the time we are representing you, some of our present or future clients will have disputes or transactions with you. You hereby agree that the Firm may continue to represent or undertake to represent existing or new clients in any matter that is not substantially related to our work for you even if the interests of such clients in those matters are directly adverse. We agree, however, that your current or prospective consent to conflicting

December 9, 2021
Ms. Pierre-Outerbridge
Page 3 of 4

representation contained in the proceeding sentence shall not apply in any instance where, as a result of our representation of you, we have proprietary or other confidential information of a non-public nature, that, if known to such other client, could be used in any such other matter by such client to your material disadvantage.

The parties to this agreement, Outerbridge Law P.C. ("Client"), and the Firm, agree that in the event a dispute should arise as to the attorney's fee for legal service, they will resolve the fee dispute by arbitration conducted pursuant to Part 137 of the Rules of the Chief Administrator of the Courts (22 NYCRR), except that they agree to be bound by the decision of the arbitrator (s) and agree to waive their rights to reject the arbitrator(s) award by commencing an action on the merits (trial de novo) in a court of law within 30 days after the arbitrator(s) decision has been mailed.

By signing this agreement, the Firm and Client acknowledge that they have received and read the official written instructions and procedures for Part 137 and the written instructions and procedures for the Joint Committee on Fee Disputes and Conciliation. The Firm and Client understand that they are not required to agree to waive their right to seek a trial de novo under Part 137. This agreement does not foreclose the parties' attempting to resolve this fee dispute at any time through voluntary mediation.

It is further understood and agreed that in matters relating to a corporation or other limited liability entity, the Firm bills the corporation or entity directly for legal services. In the event payment is not timely made, it is understood that the Firm has a claim against the directors and officers of the corporation or members of the entity in their individual capacities for the entire amount and the corporation or entity may reimburse the individuals for the amount paid.

The Firm agrees to assert a diligent effort to assure that you are informed at all times as to the status of your case and as to the courses of action which are being followed. The Firm agrees to make reasonably available to you for reading in our office all written materials sent or received by the Firm pertaining to your case. Copies of all such materials will be provided at your request and expense. All of the Firm's work product will be owned by the Firm.

Please make certain that in communicating with the Firm by e-mail, You only utilize a private e-mail account for which You are the sole owner. This is important to preserve the attorney-client privilege concerning confidential communications between You and the Firm. Your utilization of a joint e-mail account which is co-owned by someone else (for example, Your Spouse), or Your utilization of an e-mail account which is on the network at Your office or place of business, which might not be deemed private and confidential, could result in Your waiver of the attorney-client privilege, and should be avoided. If You wish to send an e-mail to the Firm while You are at an office or other place of business, it is important that You log into a private e-mail account solely owned by You (for example, Your private Gmail or yahoo e-mail account) and compose Your e-mail on that private e-mail account and send it to the Firm from that account.

This Agreement contains the entire agreement between the Clients and the Firm regarding fees, charges, and expenses. This Agreement shall not be modified except by written agreement

[KBKB-0000/1335802/1]

December 9, 2021
Ms. Pierre-Outerbridge
Page 4 of 4

signed by the Client and the Firm. This Agreement shall be binding upon the Client and the Firm and their respective heirs, executors, legal representatives, and successors.

      If you wish to engage our firm, please sign the original retainer agreement where indicated below and return same to my office together with a check in the sum of $5,000.00 made payable to Kucker Marino Winiarsky & Bittens, LLP. For your convenience, if you wish to pay the retainer by wire transfer, the following is our wire information:

JP Morgan Chase Bank, NA<br>
ABA 021000021<br>
Account 626857721

Very truly yours,
KUCKER MARINO
WINIARSKY & BITTENS, LLP

By _____
      Nativ Winiarsky, Esq.

APPROVED AND AGREED TO:

OUTERBRIDGE LAW, P.C.

By _____
      Altagarcia B. Pierre-Outerbridge

Date: December ____, 2021

NXW/jne

Enc.

[KBKB-0000/1335802/1]

Case 1-20-40794-nhl    Doc 263-1    Filed 09/05/22    Entered 09/05/22 21:42:51
DocuSign Envelope ID: 8CEEE53E-0F29-4854-ADDE-DB3198B7CEE1



# New York State
# Fee Dispute Resolution Program

*Part 137 of Title 22 of the Official Compilation of Codes, Rules and Regulations of the State of New York*

Website: www.nycourts.gov/feedispute  •  E-mail: feedispute@courts.state.ny.us

Toll-free phone: 1-877-FEES-137 (1-877-333-7137)

## §137.0  Scope of Program

This Part establishes the New York State Fee Dispute Resolution Program, which provides for the informal and expeditious resolution of fee disputes between attorneys and clients through arbitration and mediation. In accordance with the procedures for arbitration, arbitrators shall determine the reasonableness of fees for professional services, including costs, taking into account all relevant facts and circumstances. Mediation of fee disputes, where available, is strongly encouraged.

## §137.1  Application

(a) This Part shall apply where representation has commenced on or after January 1, 2002, to all attorneys admitted to the bar of the State of New York who undertake to represent a client in any civil matter.

(b) This Part shall not apply to any of the following:

(1) representation in criminal matters;

(2) amounts in dispute involving a sum of less than $1000 or more than $50,000, except that an arbitral body may hear disputes involving other amounts if the parties have consented;

(3) claims involving substantial legal questions, including professional malpractice or misconduct;

(4) claims against an attorney for damages or affirmative relief other than adjustment of the fee;

(5) disputes where the fee to be paid by the client has been determined pursuant to statute or rule and allowed as of right by a court; or where the fee has been determined pursuant to a court order;

(6) disputes where no attorney's services have been rendered for more than two years;

(7) disputes where the attorney is admitted to practice in another jurisdiction and maintains no office in the State of New York, or where no material portion of the services was rendered in New York;

(8) disputes where the request for arbitration is made by a person who is not the client of the attorney or the legal representative of the client.

## §137.2  General

(a) In the event of a fee dispute between attorney and client, whether or not the attorney already has received some or all of the fee in dispute, the client may seek to resolve the dispute by arbitration under this Part. Arbitration under this Part shall be mandatory for an attorney if requested by a client, and the arbitration award shall be final and binding unless de novo review is sought as provided in section 137.8.

(b) The client may consent in advance to submit fee disputes to arbitration under this Part. Such consent shall be stated in a retainer agreement or other writing that specifies that the client has read the official written instructions and procedures for Part 137, and that the client agrees to resolve fee disputes under this Part.

(c) The attorney and client may consent in advance to arbitration pursuant to this Part that is final and binding upon the parties and not subject to de novo review. Such consent shall be in writing in a form prescribed by the Board of Governors.

(d) The attorney and client may consent in advance to submit fee disputes for final and binding arbitration to an arbitral forum other than an arbitral body created by this Part. Such consent shall be in writing in a form prescribed by the Board of Governors. Arbitration in that arbitral forum shall be governed by the rules and procedures of that forum and shall not be subject to this Part.

## §137.3  Board of Governors

(a) There shall be a Board of Governors of the New York State Fee Dispute Resolution Program.

(b) The Board of Governors shall consist of 18 members, to be designated from the following: 12 members of the bar of the State of New York and six members of the public who are not lawyers. Members of the bar may include judges and justices of the New York State Unified Court System.

(1) The members from the bar shall be appointed as follows: four by the Chief Judge from the

membership of statewide bar associations and two each by the Presiding Justices of the Appellate Divisions.

(2) The public members shall be appointed as follows: two by the Chief Judge and one each by the Presiding Justices of the Appellate Divisions.

Appointing officials shall give consideration to appointees who have some background in alternative dispute resolution.

(c) The Chief Judge shall designate the chairperson.

(d) Board members shall serve for terms of three years and shall be eligible for reappointment. The initial terms of service shall be designated by the Chief Judge such that six members serve one-year terms, six members serve two-year terms, and six members serve three-year terms. A person appointed to fill a vacancy occurring other than by expiration of a term of office shall be appointed for the unexpired term of the member he or she succeeds.

(e) Eleven members of the Board of Governors shall constitute a quorum. Decisions shall be made by a majority of the quorum.

(f) Members of the Board of Governors shall serve without compensation but shall be reimbursed for their reasonable, actual and direct expenses incurred in furtherance of their official duties.

(g) The Board of Governors, with the approval of the four Presiding Justices of the Appellate Divisions, shall adopt such guidelines and standards as may be necessary and appropriate for the operation of programs under this Part, including, but not limited to: accrediting arbitral bodies to provide fee dispute resolution services under this Part; prescribing standards regarding the training and qualifications of arbitrators; monitoring the operation and performance of arbitration programs to insure their conformance with the guidelines and standards established by this Part and by the Board of Governors; and submission by arbitral bodies of annual reports in writing to the Board of Governors.

(h) The Board of Governors shall submit to the Administrative Board of the Courts an annual report in such form as the Administrative Board shall require.

### §137.4 Arbitral Bodies

(a) A fee dispute resolution program recommended by the Board of Governors, and approved by the Presiding Justice of the Appellate Division in the judicial department where the program is established, shall be established and administered in each county or in a combination of counties. Each program shall be established and administered by a local bar association (the "arbitral body") to the extent practicable. The New York State Bar Association, the Unified Court System through the District Administrative Judges, or such other entity as the Board of Governors may recommend also may be designated as an arbitral body in a fee dispute resolution program approved pursuant to this Part.

(b) Each arbitral body shall:

(1) establish written instructions and procedures for administering the program, subject to the approval of the Board of Governors and consistent with this Part. The procedures shall include a process for selecting and assigning arbitrators to hear and determine the fee disputes covered by this Part. Arbitral bodies are strongly encouraged to include nonlawyer members of the public in any pool of arbitrators that will be used for the designation of multi-member arbitrator panels.

(2) require that arbitrators file a written oath or affirmation to faithfully and fairly arbitrate all disputes that come before them.

(3) be responsible for the daily administration of the arbitration program and maintain all necessary files, records, information and documentation required for purposes of the operation of the program, in accordance with directives and procedures established by the Board of Governors.

(4) prepare an annual report for the Board of Governors containing a statistical synopsis of fee dispute resolution activity and such other data as the Board shall prescribe.

(5) designate one or more persons to administer the program and serve as a liaison to the public, the bar, the Board of Governors and the grievance committees of the Appellate Division.

### §137.5 Venue

A fee dispute shall be heard by the arbitral body handling disputes in the county in which the majority of the legal services were performed. For good cause shown, a dispute may be transferred from one arbitral body to another. The Board of Governors shall resolve any disputes between arbitral bodies over venue.

### §137.6 Arbitration Procedure

(a) (1) Except as set forth in paragraph (2), where the attorney and client cannot agree as to the attorney's fee, the attorney shall forward a written notice to the client, entitled "Notice of Client's Right to Arbitrate," by certified mail or by personal service. The notice (i) shall be in a form approved by the Board of Governors; (ii) shall contain a statement of the client's right to arbitrate; (iii) shall advise that the client has 30 days from receipt of the notice in which to elect to resolve the dispute under this Part; (iv)

shall be accompanied by the written instructions and procedures for the arbitral body having jurisdiction over the fee dispute, which explain how to commence a fee arbitration proceeding; and (v) shall be accompanied by a copy of the "request for arbitration" form necessary to commence the arbitration proceeding.

(2) Where the client has consented in advance to submit fee disputes to arbitration as set forth in subdivisions (b) and (c) of section 137.2 of this Part, and where the attorney and client cannot agree as to the attorney's fee, the attorney shall forward to the client, by certified mail or by personal service, a copy of the "request for arbitration" form necessary to commence the arbitration proceeding along with such notice and instructions as shall be required by the rules and guidelines of the Board of Governors, and the provisions of subdivision (b) of this section shall not apply.

(b) If the attorney forwards to the client by certified mail or personal service a notice of the client's right to arbitrate, and the client does not file a request for arbitration within 30 days after the notice was received or served, the attorney may commence an action in a court of competent jurisdiction to recover the fee and the client no longer shall have the right to request arbitration pursuant to this Part with respect to the fee dispute at issue. An attorney who institutes an action to recover a fee must allege in the complaint (i) that the client received notice under this Part of the client's right to pursue arbitration and did not file a timely request for arbitration or (ii) that the dispute is not otherwise covered by this Part.

(c) In the event the client determines to pursue arbitration on the client's own initiative, the client may directly contact the arbitral body having jurisdiction over the fee dispute. Alternatively, the client may contact the attorney, who shall be under an obligation to refer the client to the arbitral body having jurisdiction over the dispute. The arbitral body then shall forward to the client the appropriate papers set forth in subdivision (a) necessary for commencement of the arbitration.

(d) If the client elects to submit the dispute to arbitration, the client shall file the "request for arbitration form" with the appropriate arbitral body, and the arbitral body shall mail a copy of the "request for arbitration" to the named attorney together with an "attorney fee response" to be completed by the attorney and returned to the arbitral body within 15 days of mailing. The attorney shall include with the "attorney fee response" a certification that a copy of the response was served upon the client.

(e) Upon receipt of the attorney's response, the arbitral body shall designate the arbitrator or arbitrators who will hear the dispute and shall expeditiously schedule a hearing. The parties must receive at least 15 days notice in writing of the time and place of the hearing and of the identity of the arbitrator or arbitrators.

(f) Either party may request the removal of an arbitrator based upon the arbitrator's personal or professional relationship to a party or counsel. A request for removal must be made to the arbitral body no later than five days prior to the scheduled date of the hearing. The arbitral body shall have the final decision concerning the removal of an arbitrator.

(g) The client may not withdraw from the process after the arbitral body has received the "attorney fee response." If the client seeks to withdraw at any time thereafter, the arbitration will proceed as scheduled whether or not the client appears, and a decision will be made on the basis of the evidence presented.

(h) If the attorney without good cause fails to respond to a request for arbitration or otherwise does not participate in the arbitration, the arbitration will proceed as scheduled and a decision will be made on the basis of the evidence presented.

(i) Any party may participate in the arbitration hearing without a personal appearance by submitting to the arbitrator testimony and exhibits by written declaration under penalty of perjury.

§137.7 Arbitration Hearing
(a) Arbitrators shall have the power to:
  (1) take and hear evidence pertaining to the proceeding;
  (2) administer oaths and affirmations; and
  (3) compel, by subpoena, the attendance of witnesses and the production of books, papers and documents pertaining to the proceeding.

(b) The rules of evidence need not be observed at the hearing.

(c) Either party, at his or her own expense, may be represented by counsel.

(d) The burden shall be on the attorney to prove the reasonableness of the fee by a preponderance of the evidence and to present documentation of the work performed and the billing history. The client may then present his or her account of the services rendered and time expended. Witnesses may be called by the parties. The client shall have the right of final reply.

(e) Any party may provide for a stenographic or other record at the party's expense. Any other party to the arbitration shall be entitled to a copy of said record upon written request and payment of the expense thereof.

(f) The arbitration award shall be issued no later than 30 days after the date of the hearing. Arbitration awards shall be in writing and shall specify the bases for the determination. Except as set forth in section 137.8, all arbitration awards shall be final and binding.

(g) Should the arbitrator or arbitral body become aware of evidence of professional misconduct as a result of the fee dispute resolution process, that arbitrator or body shall refer such evidence to the appropriate grievance committee of the Appellate Division for appropriate action.

(h) In any arbitration conducted under this Part, an arbitrator shall have the same immunity that attaches in judicial proceedings.

### §137.8  De Novo Review

(a) A party aggrieved by the arbitration award may commence an action on the merits of the fee dispute in a court of competent jurisdiction within 30 days after the arbitration award has been mailed. If no action is commenced within 30 days of the mailing of the arbitration award, the award shall become final and binding.

(b)  Any party who fails to participate in the hearing shall not be entitled to seek de novo review absent good cause for such failure to participate.

(c) Arbitrators shall not be called as witnesses nor shall the arbitration award be admitted in evidence at the trial de novo.

### §137.9  Filing Fees

Upon application to the Board of Governors, and approval by the Presiding Justice of the Appellate Division in the judicial department where the arbitral program is established, an arbitral body may require payment by the parties of a filing fee. The filing fee shall be reasonably related to the cost of providing the service and shall not be in such an amount as to discourage use of the program.

### §137.10  Confidentiality

All proceedings and hearings commenced and conducted in accordance with this Part, including all papers in the arbitration case file, shall be confidential, except to the extent necessary to take ancillary legal action with respect to a fee matter.

### §137.11  Failure to Participate in Arbitration

All attorneys are required to participate in the arbitration program established by this Part upon the filing of a request for arbitration by a client in conformance with these rules. An attorney who without good cause fails to participate in the arbitration process shall be referred to the appropriate grievance committee of the Appellate Division for appropriate action.

### §137.12  Mediation

(a)  Arbitral bodies are strongly encouraged to offer mediation services as part of a mediation program approved by the Board of Governors. The mediation program shall permit arbitration pursuant to this Part in the event the mediation does not resolve the fee dispute.

(b) All mediation proceedings and all settlement discussions and offers of settlement are confidential and may not be disclosed in any subsequent arbitration.

# JOINT COMMITTEE ON FEE DISPUTES AND CONCILIATION

*A Collaboration of the Association of the Bar of the City of New York, the Bronx County Bar Association, and the New York County Lawyers' Association*

## ATTORNEY-CLIENT FEE DISPUTE RESOLUTION PROGRAM

### LOCAL PROGRAM RULES

**Preamble**

The New York County Lawyers' Association, the Bronx County Bar Association and The Association of the Bar of the City of New York (referred to throughout as the "Associations") have established a Joint Committee on Fee Disputes and Conciliation (the "Committee"). The Committee seeks to resolve Lawyer-Client Fee Disputes in a variety of ways. Whatever the means employed, whether by Conciliation, Mediation, Arbitration or otherwise, the Committee's goal is to provide a private and economical means of resolving disputes in an atmosphere of mutual understanding.

The Committee has adopted the following Rules (the "Rules") to facilitate the Mandatory Arbitration of Fee Disputes between lawyers and clients. These Rules put into effect the requirements of 22 N.Y.C.R.R. Part 137 ("Part 137"), which provides for the informal and expeditious resolution of fee disputes between attorneys and clients through arbitration and mediation. In accordance with the procedures for arbitration, arbitrators shall determine the reasonableness of fees for professional services, including costs, taking into account all relevant facts and circumstances. Mediation of fee disputes is strongly encouraged. The Rules should be interpreted and applied consistently with the purposes of Part 137.

Although the Rules provide for hearings to resolve contested issues, in order to expedite resolution of disputes, all parties are encouraged to submit written statements and formally agree about facts whenever possible.

1. **Application**
   a. These rules shall apply and the Committee will hear fee disputes where:
      1) the attorney has commenced representation of the client on or after January 1, 2002;
      2) the attorney is admitted to the bar of the State of New York; and
      3) a material part of the legal services were rendered **or** the lawyer maintains an office in Bronx and/or New York Counties.
   b. For good cause shown, the Committee may transfer the dispute to another arbitral body approved by the Board of Governors or to such other arbitral body to which the parties unanimously consent.
   c. These rules shall not apply to any of the following:
      1) representation in criminal matters;
      2) amounts in dispute involving a sum of less than $1,000 or more than $50,000,[1] except that the Committee may hear disputes involving other amounts if the parties have consented;
      3) claims involving substantial legal questions, including professional malpractice or misconduct;
      4) claims against an attorney for damages or affirmative relief other than the amount of the fee;
      5) disputes where the fee to be paid by the client has been determined by statute or rule and allowed as of right by a court,

or where the fee has been determined by a court order;

6) disputes where no attorney's services have been rendered for more than two years;

7) disputes where the attorney is admitted to practice in another jurisdiction and maintains no office in the State of New York, or where no material portion of the services was rendered in New York;

8) disputes where the request for arbitration is made by a person who is not the client of the attorney or the legal representative of the client.

9) disputes where the attorney and client consented to submit fee disputes for final and binding arbitration to an arbitral forum other than an arbitral body created by Part 137. The consent must be in writing and in a form prescribed by the Board of Governors that oversees the Part 137 arbitration program.

2. **Administration**

The Associations shall provide at least one staff person (the "Administrator") to administer the arbitration proceedings contemplated by these Rules and to act as liaison with the Chair of the Committee and any Arbitrator[2] who is appointed under these Rules. The Office of the Administrator shall be located at the House of the New York County Lawyers' Association, 14 Vesey Street, New York, New York 10007. Any communication intended for the Committee shall be addressed to the Administrator.

3. **Interpretation**

The authority to decide whether the conditions of Rule 1 have been satisfied, to interpret these Rules, and to decide whether or to what extent they apply to the alleged dispute, shall be solely with the Committee Chair or his or her designee before an Arbitrator is appointed, and shall be solely with the Arbitrator after he or she has been appointed. Any such decision by the Chair, the Chair's designee, or the Arbitrator shall be final and binding on the parties.

4. **Modification of Procedures**

These Rules shall apply to the arbitration of all disputes by the Committee required by Part 137. The parties may, however, by written agreement made prior to the commencement of proceedings, modify the procedures. Any such written modification shall be submitted to the Committee at the time the proceedings are initiated, and attached to the Request for Arbitration form. (Form 2).3  Any such procedures shall not be inconsistent with the requirements of Part 137, and shall be subject to approval by the Chair of the Committee.

5. **Initiating the Arbitration; Procedure and Notice**

a. Arbitration is voluntary for the client unless the client has previously consented in writing to submit fee disputes to the fee dispute resolution process established by Part 137, arbitration under these Rules shall be voluntary for the client. Mediation shall be voluntary for both the attorney and the client.

b. <u>Attorney initiated Arbitration</u>.

1) Procedure where client previously did not consent in writing to resolve fee disputes under Part 137

a) *attorney sends notice to client and client consents to arbitrate*

Except under the circumstances described in Rule 5.c., where the attorney and client cannot agree as to the attorney's fee, the attorney shall forward by certified mail or personal service

i. a written notice to the client, entitled "Notice of Client's Right to Arbitrate" (Form 1);

ii. a "Request for Arbitration " form (Form 2);[4]

iii. these rules; and

iv. such other instructions that explain how to commence a fee arbitration proceeding (available from the Administrator).

If the client elects to arbitrate, the client should follow the procedure outlined below in Rule 5.d.2).

b) *attorney sends notice and client does not consent to arbitrate*

If the attorney forwards to the client by certified mail or personal service a notice of the client's right to arbitrate, and the client does not file a Request for Arbitration within thirty (30) calendar days after the notice was received, the attorney may commence an action in a court of competent jurisdiction to recover the fee and the client no longer shall have the right to request arbitration pursuant to Part 137 with respect to the fee dispute at issue. An attorney who institutes an action to recover a fee must allege in the complaint (i) that the client was served or received notice under Part 137 of the client's right to pursue arbitration and did not file a timely request for arbitration or (ii) that the dispute is not otherwise covered by Part 137.

2) Procedure where client previously consented in writing to resolve fee disputes under Part 137

Where the client has consented in advance to submit fee disputes to arbitration under subdivisions (b) and (c) of Part 137 section 137.2, and where the attorney and client cannot agree as to the attorney's fee, the attorney shall forward to the client, by certified mail or by personal service,

a) a copy of the "Request for Arbitration" (Form 2)

b) a copy of the parties' arbitration agreement,

c) these rules; and

d) such other instructions that explain how to commence a fee arbitration proceeding (available from the Administrator).

Simultaneously the attorney shall file with the Administrator items a) and b) above and a certification that items a), b), c) and d) have been served by certified mail or personal service on the client.

c. Client initiated Arbitration

1) In the event the client decides he or she wants to use arbitration to resolve the dispute, and the Committee has jurisdiction, the client may directly contact the Administrator. Alternatively, the client may contact the attorney, who shall be under an obligation to refer the client to the Administrator. The Administrator then shall forward to the client the appropriate papers necessary to begin the arbitration process, including a copy of Part 137 and these rules.

2) If the client elects to submit the dispute to arbitration, the client shall file the "Request for Arbitration" form" (Form 2) with the Administrator, and the Administrator shall mail a copy of the filed "Request for Arbitration" to the named attorney together with an "Attorney Response" (Form 3). The attorney is required to complete and return Form 3 to the Administrator within fifteen (15) calendar days of mailing. The attorney shall include with the "Attorney Fee Response" a certification that a copy of the response was served upon the client.

Page 3

d. Receipt of the Request for Arbitration by the Committee

Upon receipt of a Request for Arbitration, the Committee shall determine whether a dispute exists within the jurisdiction of the Committee. If so, the Administrator will acknowledge in writing receipt of the Request for Arbitration and forward it to the opposing party with a response form.

With both the acknowledgment of the Request for Arbitration and its submission to the opposing party, the Administrator will ask both parties in writing whether they are willing to mediate the dispute. The following notice from the Committee will also be included:

> The Joint Committee on Fee Disputes and Conciliation of the Association of the Bar of the City of New York, the Bronx County Bar Association, and the New York County Lawyers' Association is set up to assist in the resolution of fee disputes between lawyers and clients by mediation and arbitration.
>
> As part of the voluntary settlement of a fee dispute claim, the client may be asked to sign a release which, as a matter of law in light of the language it contains, might be interpreted as a release of all claims against the lawyer, including but not limited to, claims for professional malpractice. Should a client be asked to sign any such release, the Joint Committee suggests that the client consider consulting independent counsel.

If both parties agree to mediate the dispute, the Committee's mediation rules shall apply.

6. **Withdrawal and Failure to Respond; Decision To Be Made On the Basis Of the Evidence Presented**

   a. The client may not withdraw from the process after the Administrator has received the "Attorney Fee Response." If the client seeks to withdraw at any time after the Administrator receives the "Attorney Fee Response," the withdrawal will have no effect and arbitration will proceed as scheduled whether or not the client appears. A decision will then be made on the basis of the evidence presented.

   b. If the attorney, without good cause, fails to respond to a request for arbitration or otherwise does not participate in the arbitration, the arbitration will proceed as scheduled and a decision will be made on the basis of the evidence presented.

7. **Arbitrators**

   a. Designation and removal

   1) The Committee shall maintain a list of attorney arbitrators and a list of non-attorney arbitrators. When selecting an arbitrator, the Administrator shall select the next available arbitrator on the appropriate list.

   2) After receipt of the "Attorney's Fee Response," or after expiration of the 15-day response period, the Administrator shall designate the Arbitrator who will hear the dispute. The parties must receive at least fifteen (15) calendar days notice in writing of the identity of the Arbitrator.

      a) Disputes involving a sum of less than $10,000 shall be submitted to one attorney Arbitrator.

      b) Disputes involving a sum of $10,000 or more shall be submitted to a panel of three Arbitrators, which shall include one Arbitrator who is not a lawyer.

      c) Instead of a three-Arbitrator panel, the parties may agree to submit the arbitration to one Arbitrator for disputes involving the sum of $10,000 or more. Such agreement shall be in

writing, signed by all parties, and provided to the Administrator before the three-Arbitrator panel is selected. If such an agreement is submitted to the Administrator after the Administrator has selected a three-person panel, the parties must agree on one person from the selected panel to be the Arbitrator. If they cannot agree on one of the three persons on the panel, the arbitration will proceed with the three-person panel originally selected by the Administrator. In all cases where only one Arbitrator presides, such Arbitrator must be an attorney. Vacancies shall be filled in the normal manner provided under these Rules.

3) Either party may request the removal of an Arbitrator based upon the Arbitrator's personal or professional relationship to a party, counsel, witness or other participant, or based upon matters that the Arbitrator disclosed or should have disclosed pursuant to Rule 7.c.6). A request for removal must be made to the Administrator no later than five (5) business days prior to the scheduled date of the hearing. The Administrator shall forward the request to the Committee Chair or his or her designee, who shall have the final decision concerning the removal of an Arbitrator.

b. Vacancies

1) If an Arbitrator cannot perform his or her duties, the Administrator shall declare the position vacant and shall fill the vacancy in accordance with these Rules.

2) If, after the hearings begin, one or more vacancies occurs in a panel of arbitrators, the Administrator shall appoint another Arbitrator of the same category (attorney or non-attorney) as the one vacating the post, unless the parties agree that the remaining Arbitrators continue to hear and decide the controversy without filling the vacancy.

3) If a substitute Arbitrator is appointed, all or part of the prior proceedings may be repeated at the sole discretion of the arbitration panel.

c. Qualifications and duties

1) Both lawyers and non-lawyers may serve as an Arbitrator.[5]

2) In recruiting Arbitrators, the Committee should make every effort to ensure that Arbitrators represent a wide range of law practices and firm sizes, a diversity of non-lawyer professions within the community, and a cross-section of the community.

3) Prospective Arbitrators shall submit a summary of credentials to the Committee, which the Committee shall keep on record.

4) Arbitrators shall be appointed by the Administrator pursuant to the Committees rules and procedures.

5) All Arbitrators must sign a written oath or affirmation to faithfully and fairly arbitrate all disputes that come before them. These written oaths or affirmations shall be kept on file by the Committee.

6) All Arbitrators must conduct a conflict of interest check prior to accepting a case. A person who has any personal bias regarding a party or the subject matter of the dispute, a financial interest in the subject matter of the dispute, or a close personal relationship or financial relationship with a party to the dispute shall not serve as an Arbitrator. An Arbitrator shall disclose any information

      that he or she has reason to believe may provide a basis for recusal.

    7) Arbitrators shall serve as volunteers.

    8) Arbitrators shall not be permitted to testify in a subsequent proceeding or trial "de novo."[6]

d. Jurisdiction

    1) The Arbitrator is authorized to rule on his or her own jurisdiction under Part 137 and these Rules, including rulings as to an arbitration agreement's existence, scope or validity.

    2) The Arbitrator is authorized to decide whether the contract that includes the arbitration agreement exists or is valid. The arbitration agreement in such contract shall be treated independently from the other provisions of the contract. If the Arbitrator finds the contract has no legal effect, such finding alone shall not make the arbitration clause invalid.

    3) If a party objects to the Arbitrator's jurisdiction or to using arbitration to resolve a claim or counterclaim, he or she must raise the objection before or when filing the response to the Request for Arbitration. The Arbitrator may rule on such objections at any time, including in the final award.

    4) The Arbitrator shall have the authority to enforce his or her orders through any reasonable means, including imposing monetary sanctions to the extent otherwise authorized by law, striking claims or defenses, and precluding the introduction of evidence. Upon application of a party, the Chair of the Committee may, in his or her discretion, vacate, in whole or in part, monetary sanctions totaling more than $100.

8. **Communications with the Arbitrator**

   a. Except in the presence of all parties, neither a party nor a party's agent shall communicate directly with an Arbitrator about the arbitration.

   b. Except in the presence of all parties, any communication from any party to an Arbitrator about the arbitration shall be made through the Administrator for transmittal to the Arbitrator. At the same time a party sends documents or other materials to the Administrator for transmittal to the Arbitrator, such party shall serve all other parties with copies of the same documents or other materials.

   c. The parties and the Arbitrator may agree, or the Arbitrator may direct, that parties communicate directly with the Arbitrator.

9. **Preliminary Hearing**

   a. A preliminary hearing may be held:

     1) at the request of a party;

     2) at the discretion of the Arbitrator; or

     3) at the discretion of the Committee.

   b. The Arbitrator should schedule the preliminary hearing within a reasonable time.

   c. The Arbitrator may conduct the preliminary hearing by phone at his or her discretion.

   d. The parties and/or their representatives may participate in the preliminary hearing.

   e. The preliminary hearing may be used to discuss all preliminary matters such as procedures to apply in the case, issue clarification, and scheduling.

10. **Exchange of Documents and Other Information**

   a. At any party's request or in the Arbitrator's discretion, the Arbitrator may order a party to produce documents and other information and to identify any witnesses the party intends to call to testify at the hearing.

   b. The parties shall exchange copies of all exhibits they plan to introduce at the hearing at least five (5) business days before the

hearing. Exhibits comprised solely of documents previously produced to all parties need not be exchanged.

c. The Arbitrator may resolve any dispute about the exchange of documents and other information.

## 11. Date, Time, and Location of Proceedings

a. Location

Fee dispute arbitration proceedings shall typically be conducted at the New York County Lawyers' Association, 14 Vesey Street, New York, NY 10007. Otherwise, they shall be conducted at other neutral sites. They shall not take place in the office of any interested party unless all parties consent in writing.

b. Scheduling hearings

The Administrator shall arrange for the date, time, and location of each hearing subject to the availability of the Arbitrator and the parties. The parties shall cooperate with each other and the Administrator to schedule an early hearing date and shall abide by the schedule. The parties must receive at least fifteen (15) days written notice of the date, time, and location of the hearing.

## 12. Interpreters

A party who wants an interpreter shall arrange with the interpreter for his or her services and shall pay for such services.

## 13. Postponements

The Arbitrator may postpone a hearing:

a. if the parties agree;

b. if at least one party demonstrates good cause; or

c. at the Arbitrator's discretion.

## 14. Absence From the Hearing

Any party may participate in the arbitration hearing without a personal appearance by submitting to the arbitrator testimony and exhibits by written declaration under penalty of perjury. If, however, without making the requisite submission, one or more of the parties or their representatives is absent from the hearing without good cause, the hearing shall proceed as scheduled, as long as the absent person received notice of the hearing or waived the right to attend. A decision on the fee dispute will be made on the basis of the evidence presented.

## 15. Recording of Proceedings

Any party may arrange for a stenographic or other record of the proceedings at the party's expense and shall provide a copy to the Arbitrator of any transcript that is produced. Any other party to the arbitration shall be entitled to a copy of the transcript upon written request and will be responsible for the cost of obtaining it.

## 16. Arbitration Hearing

a. Arbitrator's powers. The Arbitrator shall have the power to:

1) take and hear evidence pertaining to the proceeding;

2) administer oaths and affirmations; and

3) compel, by subpoena, the attendance of witnesses and the production of books, papers and documents pertaining to the proceeding.

b. Privacy of hearings; who may attend hearings

1) The hearing shall be private unless the law provides otherwise.

2) A person with a direct interest in the arbitration is allowed to attend the hearing.

3) The Arbitrator is authorized to decide whether any person other than a party and its representatives should attend an arbitration hearing or part of an arbitration hearing.

c. Representation by counsel. Any party, at his or her own expense, may be represented by counsel.

d. Evidence

  1) The rules of evidence need not be observed at the hearing.

  2) The Arbitrator shall decide what evidence will be admitted.

  3) The Arbitrator may order that additional evidence be provided to facilitate his or her decision in the case.

  4) All parties and the Arbitrator must be present when evidence is taken. If a party is absent, the hearing shall continue if the absent party received notice of the hearing and is absent without good cause shown, or waived the right to attend

  5) The Arbitrator shall apply applicable legal principles of privilege, including the attorney-client privilege to the extent it has not been waived as a result of the filing of the arbitration or the raising of issues in the arbitration.

  6) Evidence by Affidavit and Posthearing Filing of Documents or Other Evidence

     a) Any party may participate in the arbitration hearing without a personal appearance by submitting to the Arbitrator testimony and exhibits by written declaration under penalty of perjury.

     b) The parties and the Arbitrator may agree, or the Arbitrator may direct, that additional evidence be provided to the Arbitrator after the hearing. Each party must be given a chance to examine the additional submissions and to respond to them.

e. Burden of proof

  The burden shall be on the attorney to prove the reasonableness of the fee he or she charged the client by a preponderance of the evidence, and to present documentation of the work performed and the billing history.

f. Order of proceedings

  1) The attorney shall present evidence to support his or her fees. The client shall then present evidence to support his or her claims. Witnesses for each party shall also submit to questions from the Arbitrator and the adverse party.

  2) The client shall have the right of final reply.

  3) The Arbitrator may conduct the hearings in a manner designed to resolve the dispute expeditiously yet fairly.

17. **Interim Measures**

By agreeing to Arbitration under these Rules, the parties shall be deemed to have conferred upon the Arbitrator the authority to issue such provisional or interim orders or awards as the Arbitrator may deem necessary, desirable, just or equitable, to the extent otherwise authorized by law. Consistent with the authority recognized by this Rule, and subject to the provisions of Part 137 relating to de novo review, the parties shall be deemed to have irrevocably consented to the entry of an order in the appropriate Court embodying such provisional or interim order or award, pursuant to CPLR 7502(a) and 7510 and/or any other applicable law, and to have waived any objection, jurisdiction or otherwise, to judicial confirmation and enforcement of such provisional or interim order or award.

18. **Closing the Hearing**

  a. The Arbitrator shall close the hearing, where one or more parties have appeared, after expressly asking the parties who appeared whether they have additional evidence to offer, and

     1) the parties acknowledge they have no more evidence to offer; or

     2) the Arbitrator thinks the record is complete.

b. If the parties who have appeared at a hearing are to file written submissions subsequent to the hearing, the hearing shall be closed as of the last date on which the submissions are due to be filed with the Administrator.

### 19. Reopening of the Hearing

a. The arbitrator may reopen the hearing before issuing the award

   1) on the Arbitrator's own initiative; or

   2) if at least one of the parties requests it.

b. The arbitrator may not reopen the hearing if reopening the hearing will prevent the Arbitrator from issuing the award within the time required by the parties' arbitration agreement. The parties may, however, agree to extend the time, in which case the Arbitrator may reopen the hearing.

c. The time to issue the award if a hearing is reopened shall be thirty (30) days after the reopened hearing is closed.

### 20. Expenses

a. Each party shall be responsible for the party's own expenses.

b. Each party shall be responsible for the expenses of witnesses the party produces.

c. The parties shall share equally all other arbitration expenses unless

   1) they agree otherwise; or

   2) the Arbitrator rules otherwise, whether in an interim order or in the final award.

### 21. The Award

a. Time and form of award

   The arbitration award shall be issued no later than thirty (30) calendar days after the close of the hearing. Arbitration awards shall be written, executed and approved by a majority of the Arbitrators in the manner required by law, and shall specify in a concise statement the bases for the determination. Except as set forth in Part 137 section 137.8 (relating to trials de novo), all arbitration awards shall be final and binding.

b. Delivery of award to parties

   The award may be delivered to the parties or their counsel at their last known addresses by mail, personal service, facsimile, e-mail, or any other method permitted by law.

### 22. Waiver of Rules

a. Any party who continues to participate in the arbitration after learning that there has not been compliance with any provision or requirement of these Rules, but fails to object in writing, shall have waived the right to object.

b. Except for the time requirements of Rule 5, the Arbitrator has the discretion to extend any time requirements imposed on any of the parties by these Rules.

### 23. Filing Fees

a. The following schedule of filing fees shall be paid by each party upon filing the party's initial document (Request for Arbitration or the response) with the Committee and shall apply to all arbitrations eligible for arbitration under Part 137:

| Amount in Dispute | Fee to each party |
| --- | --- |
| $1,000.00 - 4,999.99 | $ 25 |
| 5,000.00 - 5,999.99 | 50 |
| 6,000.00 - 9,999.99 | 75 |
| 10,000.00 - 19,999.99 | 100 |
| 20,000.00 - 34,999.99 | 200 |
| 35,000.00 - 50,000.00 | 350 |

b. In cases where the parties agree to use one arbitrator, the filing fee for each party will be $75 or the amount on the above schedule, whichever is less.

c. The Chair of the Committee may waive, defer, or reduce filing fees in cases of extreme hardship.

## 24. Confidentiality

All proceedings and hearings commenced and conducted in accordance with Part 137, including all papers submitted in connection with the arbitration, shall be kept confidential, except to the extent necessary to take related legal action with respect to a fee matter. After a decision is rendered, Arbitrators should refer all requests for information concerning the fee dispute at issue in the arbitration to the Administrator.

## 25. Release of Documents for Ancillary Legal Action

If a party requests it in writing, the Committee shall provide to the party certified copies of any papers it has that may be needed to take ancillary legal action with respect to the fee matter. The party who requests the certified copies shall pay the cost of providing them.

## 26. Trial De Novo

If a party files an action for de novo review under Part 137, section 137.8, the party shall so advise the Committee.

## 27. Referral of Attorney to the Grievance Committee

a. Failure to participate in the arbitration

All attorneys are required to participate in the arbitration program established by Part 137 if a client files a request for arbitration under these Rules. An attorney who, without good cause, fails to participate in the arbitration process shall be referred to the appropriate grievance committee of the Appellate Division for appropriate action.

b. Professional misconduct

If, as a result of the fee dispute arbitration process, the Arbitrator or Committee becomes aware of evidence of professional misconduct, the Arbitrator or Committee shall refer such evidence to the appropriate grievance committee of the Appellate Division.

## 28. Mediation

a. The parties may avail themselves of mediation provided by the Committee. The mediation program permits arbitration pursuant to Part 137 in the event the mediation does not resolve the fee dispute.

b. All mediation proceedings and all settlement discussions and offers of settlement are confidential and may not be disclosed in any subsequent arbitration.

c. The mediator who mediated the parties' fee dispute may not serve as arbitrator of that same dispute.

d. No filing fees in addition to those charged for arbitration shall be charged for the mediation of a fee dispute.

## 29. Immunity

Neither the Associations, nor the Committee, its Chair or members, Administrator, Arbitrator and staff person acting under these Rules, shall be a necessary party in any judicial proceedings relating to any arbitration conducted in accordance with these Rules. None of the parties listed in the preceding sentence shall be liable for any act or omission relating to any dispute in connection with any arbitration conducted under these Rules. Without limiting the scope of the preceding two sentences, it is intended that the Committee, its Chair and its members, and any Arbitrator acting under these Rules have the same immunity as a judicial officer or body would have in a court proceeding. The parties to any arbitration held under these Rules will be deemed to have conferred the immunity described above.

## 30. Standards of Common Sense

The parties will be deemed to have conferred upon the Arbitrator the authority to decide their dispute in consideration of equity, justice and common sense. The Arbitrator shall not be bound to apply rules of substantive law, procedure or evidence.

1. The disputed sum is the portion of the fee upon which the attorney and client disagree, and not the total amount of the fees charged by the attorney.

2. Throughout these Rules, the term "Arbitrator" will refer to both a single arbitrator or a panel of three arbitrators.

3. All Forms required under these Rules are contained in the Appendix to these Rules.

4. Service under these Rules is made and considered complete by delivering to the U.S. Postal Service a properly addressed envelope or package with sufficient postage for mailing, or by delivering the envelope or package to a person authorized to accept legal papers at a residence or place of business. The parties may agree to other methods of service as provided by Rule 21.

5. Non-lawyers may only serve as an Arbitrator on a panel of Arbitrators.

6. Trial "de novo" means a trial in court about the same fee dispute. It does not mean an appeal of the Arbitrator's decision.