SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------X
LEONARD ROBERTSON, on behalf of themselves     Index No. 521058/2020
and all others similarly situated,

**AFFIRMATION IN REPLY**

                              Plaintiff,

      -against-

3052 BRIGHTON FIRST LLC,

                              Defendant.
------------------------------------------------------------------------X

      **Michael F. Cuttitta**, an attorney duly admitted to practice law before the Courts of the State of New York, hereby affirms pursuant to C.P.L.R. §2106 and under the penalties of perjury, as follows:

      1.     I am a member of the law firm of Kucker Marino Winiarsky & Bittens, LLP (hereinafter "KMWB"), acting Of Counsel to Outerbridge Law P.C. (hereinafter "OLPC"), attorneys for Defendant 3052 Brighton First, LLC (hereinafter "Defendant"), and as such, am fully familiar with the facts and circumstances hereinafter set forth.

      2.     This affirmation is respectfully submitted in reply to the Affirmation of Roger A. Sachar in Opposition to Outerbridge Law P.C.'s Request to be Relieved as Counsel, and in support of Plaintiff's Request to Strike Defendant's Pleadings, Grant Class Certification, and for Sanctions (hereinafter the "Opposition"). More specifically, this affirmation is submitted in reply to the portion of the Opposition in which sanctions are sought against KMWB and OLPC.

      3.     The plaintiff Leonard Robertson (hereinafter "Plaintiff") alleged in the complaint dated October 29, 2020 (hereinafter referred to as "Complaint") that Plaintiff's unit (hereinafter "Unit") located at 3052 Brighton First Street, Brooklyn, New York 11235, Tax Block: 8669, Lot: 18

1

(hereinafter "Subject Building") is subject to rent stabilization and does not reflect the legal regulated rent. *See* Complaint (NYSCEF Doc. #1)

4. On or about September 1, 2021, Plaintiff filed a motion seeking an order pursuant to Civil Practice Law and Rules 901, et seq. approving a class and subclass.

5. In or about April of 2022, OLPC retained KMWB as Of Counsel in the instant action. A copy of KMWB's Notice of Appearance, in which KMWB "appears in this action as Of Counsel to Outerbridge Law P.C., Attorneys for Defendant 3052 Brighton First LLC" is annexed hereto as Exhibit "**A**".

6. KMWB acting Of Counsel, filed a cross-motion to Plaintiff's motion seeking class certification to for an order pursuant to C.P.L.R. §2201, staying all causes of action of the Complaint, and based on primary jurisdiction directing the New York State Division of Housing and Community Renewal (hereinafter "D.H.C.R.") to determine the legal regulated rent for each of the relevant units identified in the instant complaint.

7. Thereafter, Defendant's counsel, Outerbridge Law P.C. filed a motion by order to show cause, seeking to withdraw as counsel pursuant to CPLR § 321(b)(2) due to the breakdown of attorney-client relationship, which was signed and entered by Hon. Richard Velasquez on June 23, 2022. A copy of Hon. Richard Velasquez signed Order to Show Cause is annexed hereto as **Exhibit** "**B**".

8. In response to the Order to Show Cause, Plaintiff's counsel claims that after a June 28, 2022, conference in U.S. Bankruptcy (Eastern District of New York Bankruptcy Petition #: 1:20-40794-nhl) (hereinafter referred to as the "Bankruptcy Proceeding"), he allegedly became aware that "no approval had ever been granted" to OLPC to represent the Defendant. *See* Plaintiff's Memorandum of Law (NYSCEF Doc. # 92). Plaintiff then filed its Opposition seeking penalties and

alleging that "every motion and pleading, ostensibly filed by counsel in this action, were unauthorized", and as a result, the pleadings filed are a nullity and should be stricken from the record, and sanctions, costs and fees should be awarded against "OPLC, Kucker Marino, Pierre-Outerbridge and Cuttita [*sic*]". *Id.*

9. However, Plaintiff concedes that Defendant's Bankruptcy Counsel, Bruce Weiner, filed an application in the United States Bankruptcy Court to retain OLPC as special counsel in August of 2021. As further explained in the Affirmation of Bruce Weiner annexed hereto as **Exhibit "C"**, and due to a clerical error, a proposed order was never submitted to the Office of the United States Trustee. *See* Weiner Aff., Exh. C. Upon information and belief, this clerical error made by the Defendant's separate and unrelated Bankruptcy counsel and was not discovered until recently at the June 28, 2022, Bankruptcy Proceeding Conference. Notably, OLPC's appearance at this conference was its first in the Bankruptcy Proceeding, and was made solely for the purpose of seeking payment for legal fees.

11. Upon information and belief, Judge Nancy Lord, the bankruptcy judge presiding, "stated that she would be entering the order *nunc pro tunc*." *See* Weiner Aff., Exh. C. Following the conference, Mr. Weiner immediately took corrective action and has since been informed by the Assistant United States Trustee that he uploaded the order to the Bankruptcy Court for Judge Lord to sign. *Id.*

12. Notwithstanding the foregoing, neither I, nor any member of KMWB or OLPC were aware of, nor had any reason to know of any alleged oversight in the appointment of OLPC as special counsel to the Defendant in the Bankruptcy Proceeding. Further, KMWB has not appeared nor acted as counsel in the Bankruptcy Proceeding in any capacity.

13. For the foregoing reasons, and as further explained in detail in the accompanying memorandum of law, the Plaintiff's Opposition is wholly inappropriate and is not supported by fact or law.

**WHEREFORE**, based on the foregoing it is respectfully submitted that the portion of Plaintiffs' opposition seeking sanctions be denied in its entirety, and Defendant be granted such other and further relief as this Court deems just, proper, and equitable.

Dated: New York, New York
August 2, 2022

                                                      */s/ Michael Cuttitta*
                                                      Michael F. Cuttitta