UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                                                          Chapter 11

    3052 Brighton First, LLC,                                  Case No. 20-40794-nhl

                                      Debtor.          Hon. Nancy Hershey Lord
------------------------------------------------------------x   United States Bankruptcy Judge

**ORDER (A) CONFIRMING AND APPROVING AUCTION SALE
OF PROPERTY PURSUANT TO 11 U.S.C. § 363(b), (f), (m),
AND (n) FREE AND CLEAR OF ALL CLAIMS, LIENS AND
ENCUMBRANCES, (B) APPROVING DISTRIBUTIONS
AT CLOSING, AND (C) GRANTING RELATED RELIEF**

Upon the motion [ECF No. 194] (the "Motion") of 3052 Brighton 1st Street LLC and 3052 Brighton 1st Street II LLC (collectively the "Secured Creditors"), secured creditors of the above-captioned debtor and debtor in possession (the "Debtor"), in connection with the Secured Creditor's confirmed Modified Third Amended Plan of Liquidation for the Debtor [ECF No. 211] (the "Plan"), for an order: (a) pursuant to sections 105, 363 and 1123 of the Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules) and 2014-1 of the Local Rules of this Court (the "Local Rules"), approving the sale (the "Sale") of the real property located at 3052/3062 Brighton 1st Street, Brooklyn, New York 12235 (Block: 8669, Lot 18) (the "Property"); (b) scheduling the time, date and place for the public auction of the Property (the "Auction"); (c) approving the terms and conditions of sale to govern the Sale ("Bidding Procedures"); (d) scheduling a hearing to confirm the results of the Sale and (e) granting such other related relief as this Court deems just and proper; and upon the Amended Notice of Hearing of the Motion [ECF No. 197]; and upon the order entered on October 28, 2022 (the "Bidding Procedures Order") that, among other things, approved the Bidding Procedures and set a schedule for the bid

1

deadline and the auction dates (together, the "Bid/Auction Dates"); and two bidders (including the Secured Creditors) having submitted qualifying bids by the Bid Deadline;[1] and the Auction having taken place on November 3, 2022; and upon the Declaration of Greg Corbin Regarding Results of Auction Pursuant to Local Bankruptcy Rule 6004-1(f) [ECF No. 296] (the "Corbin Declaration"); and upon the Declaration of Chaskel Frankel Regarding Good Faith of 3052 Brighton Ave, Limited Liability Company [ECF No. 295] (the "Frankel Declaration"); and upon the Declaration of Shoshana Carmel Regarding Good Faith of 3052 Brighton 1st Street LLC and 3052 Bright 1st Street II LLC [ECF No. 294] (the "Carmel Declaration"); and upon the hearing held on November 29, 2022 (the "Sale Hearing"); and it appearing that the Motion was properly and duly served upon all parties entitled to notice; and upon all of the pleadings and proceedings heretofore had herein, after due deliberation and sufficient cause appearing therefor, it is,

**FOUND AND DETERMINED THAT**:

A.      This Court has jurisdiction over the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334.

B.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C.      The relief granted in this Order is in the best interests of the Debtor, its estate, and its creditors and all other parties in interest and is necessary and appropriate.

D.      As evidenced by certificates of service filed with the Court and the Corbin Declaration, and based upon representations of counsel at the Sale Hearing, adequate notice of the Motion, the Auction, a reasonable opportunity to object or be heard with respect to the Motion and the Auction, and the hearing to confirm the results of the Auction has been given to all interested persons and entities, including, without limitation: (i) the Office of the United States Trustee; (ii)

---

[1] Any capitalized terms not defined herein shall have the definitions set forth in the Motion and/or the Plan.

counsel to the Debtor; (iii) all entities known to have asserted any lien, interest or encumbrance upon the Debtor's assets; and (iv) all other parties who filed requests for notice under Bankruptcy Rule 2002 in this case and no other or further notice is necessary or required.

E.  The marketing and bidding processes implemented by the Secured Creditors and the Broker, as set forth in the Motion and the Corbin Decl., were fair, proper, and reasonably calculated to result in the best value received for the Property.

F.  The Auction was conducted in a commercially reasonable, non-collusive, fair and good faith manner.

G.  The bid from 3052 Brighton Ave, Limited Liability Company (the "Successful Bidder") for the sum of $18,235,000, with the following modifications from the Bid Procedures (the "Successful Bid"), including a Closing Date of no later than February 3, 2023 **TIME BEING OF THE ESSENCE**, payment of the carrying costs (*i.e.*, property taxes, insurance, and water and sewer charges) from November 20, 2022 until closing by the Successful Bidder, a reduction of the deposit amount to $750,000 (the "Deposit"), with $600,000 having already been deposited with the escrow agent, with the remaining $150,000 due to be deposited within 10 days of the entry of this Order (the "Remaining Deposit"), is the highest and best bid received for the Property. The credit bid from the Secured Creditor (along with the additional cash payments that would be necessary to allow the Plan to go effective) is the second highest bid.

H.  The Successful Bidder is the Successful Bidder under the Bid Procedures, and the Secured Creditors (or their assignee, nominee or designee) is the Back-up Bidder.

I.  The sale to the Successful Bidder (or to the Secured Creditors (or their assignee, nominee or designee) if the Successful Bidder defaults) is an arms-length transaction and is being entered into in good faith by the parties.

J.  The Successful Bidder and the Secured Creditors (or their assignee, nominee or designee) are deemed to be good faith purchasers of the Property within the meaning of Section 363(m) of the Bankruptcy Code and are therefore entitled to all the protections afforded thereby.

K.  No evidence has been presented to the Court of any agreement amongst potential bidders that impacted the bidding and/or sale price.

L.  The Auction bidding complied with the Plan.

M.  The Sale to the Successful Bidder (or to the Secured Creditors (or their assignee, nominee or designee) if the Successful Bidder defaults) in accordance with this Order will comply with the Plan.

**NOW THEREFORE, IT IS HEREBY:**

ORDERED, that the relief requested in the Motion is granted to the extent set forth herein; and it is further

ORDERED, that pursuant to Sections 363(b), (f) and (m) of the Bankruptcy Code that the Debtor and the Secured Creditor are authorized, empowered and directed to consummate the Sale of the Property to: (a) the Successful Bidder under this Order upon the terms set forth in the Successful Bid; or (b) if the Successful Bidder defaults, to the Secured Creditors (or their assignee, nominee or designee) for a credit bid plus sufficient cash to allow the Plan to become effective; and it is further

ORDERED, that to the extent that this Order authorizes the Secured Creditor (or its designee, nominee or assignee) to close as the Back-up Bidder or take other steps in connection with any such closing, such authorization is subject to entry of a further order authorizing such closing to the Secured Creditor on notice to all parties in interest; and it is further

ORDERED, that the Debtor is hereby authorized to sell the Property to the Successful Bidder (or to the Secured Creditors (or their assignee, nominee or designee) if the Successful Bidder

defaults) and such sale shall be free and clear of all claims, liens, and encumbrances against the Property of any nature whatsoever (except as to the extent that the Secured Creditor's liens are assigned to a lender to the Successful Bidder or to the Secured Creditors (or their assignee, nominee or designee)), pursuant to 11 U.S.C. § 363(b) and (f), except for the Claims of the Class Action Plaintiffs, pursuant to section 4.6 of the Plan, and the Successful Purchaser (or the Secured Creditors (or their assignee, nominee or designee) if the Successful Bidder defaults) shall take the Property subject to such Class Action Claims; and it is further

ORDERED, that the Successful Bidder (or to the Secured Creditors (or their assignee, nominee or designee) if the Successful Bidder defaults) is assuming and the Debtor shall assign to the Successful Bidder (or to the Secured Creditors (or their assignee, nominee or designee) if the Successful Bidder defaults) all residential leases; and it is further

ORDERED, that the Successful Bidder (or to the Secured Creditors (or their assignee, nominee or designee) if the Successful Bidder defaults) shall not assume and the Debtor shall be deemed to have rejected all non-residential leases and executory contracts, unless the Successful Bidder (or to the Secured Creditors (or their assignee, nominee or designee) if the Successful Bidder defaults) complies with the Plan's requirements in section 5.1 of the Plan, including by filing and serving an Assumption Notice (as defined therein); and it is further

ORDERED, that effective on the date of entry of this Order, all entities, including, but not limited to, the Debtor and its creditors, employees, former employees, members, equity owners, as well as administrative agencies, tax and regulatory authorities, governmental agencies, secretaries of state, federal, state and local officials, and their respective successors or assigns, including, but not limited to, persons asserting any claim and encumbrances against the Property, shall be permanently and forever barred, restrained and enjoined from commencing or continuing in any manner any action or other proceeding of any kind against the Property or the Successful Bidder

(or to the Secured Creditors (or their assignee, nominee or designee) if the Successful Bidder defaults) its members, representatives, affiliates, assignees, designees, nominees, successors in interest or otherwise, with respect to: (i) any claims and encumbrances on, in respect of or against the Debtor or the Property; and (ii) recovering on any claim which such person or entity had or may have against the Debtor or Property, except as to the Claims of the Class Action Plaintiffs, which pursuant to section 4.6 of the Plan, shall continue as to the Property and the Successful Bidder (or the Secured Creditors (or their assignee, nominee or designee) if the Successful Bidder defaults) shall take the Property subject to such Class Action Claims; and it is further

ORDERED, that notwithstanding anything to the contrary, for avoidance of doubt, nothing contained herein shall constitute any waiver of the Secured Creditors' rights and remedies relating to a deficiency claim against any guarantor or other non-Debtor entity liable to the Secured Creditors; and it is further

ORDERED, that the Successful Bidder (or to the Secured Creditors (or their assignee, nominee or designee) if the Successful Bidder defaults) are deemed to be good faith purchasers pursuant to 11 U.S.C. § 363(m) and are therefore entitled to the protections set forth therein; and it is further

ORDERED, that the Successful Bidder shall default on its Successful Bid and shall forfeit the Deposit if it does not deposit the Remaining Deposit within 10 days of the entry of this Order WITH TIME BEING OF THE ESSENCE; and it is further

ORDERED, that any protections and rights afforded to the Successful Bidder (or to the Secured Creditors (or their assignee, nominee or designee) if the Successful Bidder defaults) shall include any designee, assignee or nominee of the Successful Bidder (or to the Secured Creditors (or their assignee, nominee or designee) if the Successful Bidder defaults); and it is further

ORDERED, that the Debtor, the Secured Creditors, and the Successful Bidder (or to the Secured Creditors (or their assignee, nominee or designee) if the Successful Bidder defaults) are authorized to execute any and all documents necessary to effectuate the Sale of the Property as set forth herein; and it is further

ORDERED, that at the closing of the sale of the Property, the Debtor (or its agent) and, where applicable, the Receiver (as defined in the Plan) shall deliver all documents and items necessary to convey title to the Successful Bidder (or to the Secured Creditors (or their assignee, nominee or designee) if the Successful Bidder defaults) including:

(i) A Purchase and Sale Agreement that provides for the conveyance of title to the Successful Bidder (or to the Secured Creditors (or their assignee, nominee or designee) if the Successful Bidder defaults), the terms of which shall be acceptable to the Secured Creditors and the Successful Bidder (or to the Secured Creditors (or their assignee, nominee or designee) if the Successful Bidder defaults), and the Debtor, the Successful Bidder (or to the Secured Creditors (or their assignee, nominee or designee) if the Successful Bidder defaults) are hereby ordered to execute such Purchase and Sale Agreement on or before the date the Sale closes, which shall be no later than February 3, 2023 with TIME BEING OF THE ESSENCE (the "Closing Date");

(ii) All documents to show that the Debtor is not a "foreign person" within the meaning of Section 1445 of the Internal Revenue Code 1986, as amended, or any regulations promulgated thereunder (as such "foreign person" is defined in the Internal Revenue Code);

7

(iii) All documents relating to the Property including (without limitation) original leases and copies of leases relating to the Property, to the extent that such documents are in the possession, custody or control of the Debtor or the Receiver and/or their affiliates, agents, employees and managing agent;

(iv) A bill of sale;

(v) All keys and/or access cards relating to the Property, to the extent that such keys and/or cards are in the possession, custody or control of the Debtor or the Receiver and/or their affiliates, agents, employees and/or agent or the Receiver;

(vi) An Assignment of Leases from the Debtor to the Successful Bidder (or to the Secured Creditors (or their assignee, nominee or designee) if the Successful Bidder defaults) for all unexpired leases that are to be assumed and assigned;

(vii) A notice to all tenants from the Debtor that the Successful Bidder (or the Secured Creditors (or their assignee, nominee or designee) if the Successful Bidder defaults) is the owner of the Property and that such tenant's lease has been assigned to the Successful Bidder (or to the Secured Creditors (or their assignee, nominee or designee) if the Successful Bidder defaults) or rejected, as the case may be;

(viii) An executed title affidavit and any other document required by the title company to issue a title insurance policy to the Successful Bidder (or to the Secured Creditors (or their assignee, nominee or designee) if the Successful Bidder defaults); and

    (ix)  Any other document reasonably required to effectuate the closing of the sale of the Property to the Successful Bidder (or to the Secured Creditors (or their assignee, nominee or designee) if the Successful Bidder defaults), and it is further

  ORDERED, that the fourteen-day stay provided for in Rule 6004(h) of the Federal Rules of Bankruptcy Procedure is waived and shall not be in effect and, pursuant to Rule 6004, 7062, and 9014 of the Federal Rules of Bankruptcy Procedure, this Order shall be effective and enforceable immediately upon entry; and it is further

  ORDERED, that each and every federal, state and local government agency or department is hereby directed to accept any and all documents necessary and appropriate to consummate the sale of the Property as set forth herein and a copy of this Order may be filed in any place where state, federal or local law permits filing or recording; and it is further

  ORDERED, that this Order shall be binding upon the Debtor, its successors and assigns, and any trustee that may be appointed in the case or any case under Chapter 7 of the Bankruptcy Code to which such case may be converted, and any affected third parties, including without limitation any encumbrances against or claims or interests in the Debtor's estate or any of its assets, and all other persons and entities, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons or entities who may be required by operation of law or by the duties of their offices to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report to or insure title or state of title in or to any of the Debtor's assets; and it is further

  ORDERED, that pursuant to Section 1146(a) of the Bankruptcy Code, the sale of the Property as contemplated by the Bid Procedures Order, the Plan, and this Order shall be exempt

from the payment of transfer, stamp, deed, mortgage recording, or similar taxes, including without limitation, and any recorder of deeds or similar official for any governmental unit in which any instrument hereunder is to be recorded shall be ordered and directed to accept such instrument without requiring the payment of any transfer, stamp, deed, mortgage recording, or similar taxes; and it is further

ORDERED, that at the closing of the Sale of the Property, the Distribution Agent (as defined in the Plan) shall make all payments required to be made under the Plan; and it is further

ORDERED, that the Successful Bidder shall pay the Broker two (2)% of the Purchase Price as a commission and $3,767 for the Broker's expenses that are hereby approved at the closing of the Sale of the Property, such sum being separate from and in addition to the Purchase Price; and it is further

ORDERED, that the Secured Creditor (or its designee, assignee or nominee), if the Successful Bidder shall default, shall pay the Broker $100,000 plus $3,767 for the Broker's expenses at the closing of the Sale of the Property; and it is further

ORDERED, that this Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). To any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs entry of judgment as set forth herein; and it is further

ORDERED, that the provisions of this Order shall survive and be enforceable in the event of conversion of this case to Chapter 7 of the Bankruptcy Code or dismissal; and it is further

ORDERED, that within fourteen (14) days after the conclusion of the Closing, the Secured Creditors will provide the United States Trustee (attention: Nazar Khodorovsky, Esq., Trial Attorney) with a copy of the closing statement by electronic mail message. The Debtor shall report

any disbursements made at closing in its relevant monthly operating report(s) and/or post-confirmation reports (as applicable); and it is further

ORDERED, that this Court shall retain jurisdiction to determine any dispute which may arise under, relating to or with respect to this Order.



Dated: January 4, 2023
Brooklyn, New York

_____
Nancy Hershey Lord
United States Bankruptcy Judge