UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:

203-205 North 8th Street Loft, LLC                          Chapter 11

       Debtor.                                                          Case No. 20-40793-nhl
-------------------------------------------------------x
In re:

3052 Brighton First, LLC,                                   Chapter 11

       Debtor.                                                          Case No. 20-40794-nhl
-------------------------------------------------------x

## RESPONSE OF ROSENBERG MUSSO & WEINER IN OPPOSITION TO MOTION FOR REQUEST FOR RULE 2004 EXAMINATION

Rosenberg, Musso & Weiner, LLP ("RMW") as its opposition to the motion of JEST Holdings LLC ("Jest"), for an order authorizing Jest to conduct an examination of RMW under Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004"), respectfully represents:

1. A reading of the plain language of Rule 2004 shows that Jest is not entitled to use Rule 2004 to examine RMW in connection with its dispute with Chaim Miller a/k/a Harry Miller ("Miller") the Debtor or in connection with anything else raised in its motion. Rule 2004 states that an examination "may relate **only** to the acts, conduct, or property or to the liabilities and financial condition of the debtor or any matter which may affect the administration of the estate." (emphasis added). Nothing in Jest's motion relate to the only purposes given in Rule 2004 for an examination and its motion should be denier.

2. Jest is not a creditor of either Debtor. Miller arranged with Jest for money that according to Jest Miller wanted to use to try to reach a settlement with the secured creditors in the Debtors' cases. Jest giving money to Miller does not relate to an act or conduct of the

Debtors. Jest admits in its motion that the money in question is not property of the Debtors's estates. The Debtors' cases are almost concluded. The properties owned by the Debtors have been sold and are awaiting closing. The monies that Miller arranged for Jest to send will not and cannot affect the administration of the Debtors' estates. Jest fails to satisfy the stated reasons for a Rule 2004 examination.

3. Millet demanded that RMW not release any more money to Jest. RMW is only a stakeholder. Consequently, RMW has commenced an action in state court to interplead Miller and Jest and will be depositing the money in question with the Kings County Clerk. State court is where this dispute between non-creditors over money that is not property of either Debtor's estate should be resolved. A copy of the action is annexed as Exhibit A.

Wherefore, it is respectfully requested that this Court deny Jest's motion and grant such other relief as is just and proper.

Dated: Brooklyn, New York
March 7, 2023

ROSENBERG, MUSSO & WEINER, LLP
Attorneys for Debtor

By: /s/
Bruce Weiner
26 Court Street, Suite 2211
Brooklyn, New York 11242
(718) 855-6840