# EXHIBIT 1

**(Immediately Follows This Page)**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                  Chapter 11

   3052 Brighton First, LLC,                      Case No. 20-40794-nhl

                             Debtor.          Hon. Nancy Hershey Lord
------------------------------------------------------------x  United States Bankruptcy Judge

**ORDER (A) CONFIRMING AND APPROVING AUCTION SALE OF PROPERTY PURSUANT TO 11 U.S.C. § 363(b), (f), (m), AND (n) FREE AND CLEAR OF ALL CLAIMS, LIENS AND ENCUMBRANCES TO BACK-UP BIDDER, (B) APPROVING DISTRIBUTIONS AT CLOSING, AND (C) GRANTING RELATED RELIEF**

Upon the motion [ECF No. 194] (the "Motion") of 3052 Brighton 1st Street LLC and 3052 Brighton 1st Street II LLC (collectively the "Secured Creditors"), secured creditors of the above-captioned debtor and debtor in possession (the "Debtor"), in connection with the Secured Creditor's confirmed Modified Third Amended Plan of Liquidation for the Debtor [ECF No. 211] (the "Plan"), for an order: (a) pursuant to sections 105, 363 and 1123 of the Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules) and 2014-1 of the Local Rules of this Court (the "Local Rules"), approving the sale (the "Sale") of the real property located at 3052/3062 Brighton 1st Street, Brooklyn, New York 12235 (Block: 8669, Lot 18) (the "Property")[1]; (b) scheduling the time, date and place for the public auction of the Property (the "Auction"); (c) approving the terms and conditions of sale to govern the Sale ("Bidding Procedures"); (d) scheduling a hearing to confirm the results of the Sale and (e) granting such other related relief as this Court deems just and proper; and upon the Amended Notice of Hearing of the Motion [ECF No. 197]; and upon the order approving the retention of Rosewood

---

[1] "Property" shall include any right to any causes of action that run with or directly relate to the Property, including tax abatements.

Realty Group (the "Broker") as broker [ECF No. 282]; and upon the order entered on October 28, 2022 [ECF No. 282] (the "Bidding Procedures Order") that, among other things, approved the Bidding Procedures and set a schedule for the bid deadline and the auction dates (together, the "Bid/Auction Dates"); and two bidders (including the Secured Creditors) having submitted qualifying bids by the Bid Deadline;[2] and upon the order approving the sale of the Debtor's Property to 3052 Brighton Ave, Limited Liability Company (the "Successful Bidder") [ECF No. 306] (the "First Sale Order"); and upon the Order Declaring Successful Bidder in Default and Setting New Conditions on Closing of Sale of Debtor's Real Property [ECF No. 323] (the "Default Order"), in which this Court, among other things: (a) declared the Successful Bidder to be in default on its purchase of the Real Property under the First Sale Order; and (b) provided certain conditions on the right of the Successful Bidder to close on its purchase of the Property and obtain credit towards the purchase price from the deposit, including the condition that "within one business day of the entry of [the Default Order], the Successful Bidder shall, by wire transfer, deposit an additional $750,000" with the escrow agent; and upon the Declaration of Daniel N. Zinman in Support of the Entry of an Order Authorizing the Sale of the Debtor's Property to the Back-up Bidder (the "Zinman Declaration") [ECF No. 325], which confirmed that no such additional deposit was made and attached to which was a draft of this Order (the "Proposed Order"); and it appearing that the Zinman Declaration, together with a notice of hearing on the Motion and to consider entry of the Proposed Order was properly and duly served upon all parties entitled to notice, including counsel to the Successful Bidder; and upon the hearing held on March 8, 2023 (the "March Hearing"); and upon the Notice of Settlement of Order Authorizing Sale of Debtor's Property to Back-up Bidder [ECF No. ___] (the "Notice of Settlement"), attached to which was a copy of a draft of this Order; and the Notice of Settlement having been served on all parties entitled to notice,

---

[2] Any capitalized terms not defined herein shall have the definitions set forth in the Motion and/or the Plan.

including counsel to the Successful Bidder; and upon all of the pleadings and proceedings heretofore had herein, after due deliberation and sufficient cause appearing therefor, it is,

**FOUND AND DETERMINED THAT**:

A.     This Court has jurisdiction over the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334.

B.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C.     The relief granted in this Order is in the best interests of the Debtor, its estate, and its creditors and all other parties in interest and is necessary and appropriate.

D.     As evidenced by a certificate of service filed with the Court, and based upon representations of counsel at the hearings related to this matter, adequate notice of the Zinman Declaration, a draft of this Order, and the March Hearing and a reasonable opportunity to the entry of this Order has been given to all interested persons and entities, including, without limitation: (i) the Office of the United States Trustee; (ii) counsel to the Debtor; (iii) all entities known to have asserted any lien, interest or encumbrance upon the Debtor's assets; (iv) all other parties who filed requests for notice under Bankruptcy Rule 2002 in this case; and (v) counsel to the Successful Bidder, and no other or further notice is necessary or required.

E.     The sale of the Property to the Secured Creditors (or their designee, nominee or assignee) (the "Back-up Bidder") is fair, proper, and reasonably calculated to result in the best value received for the Property.

F.     The sale of the Property to the Back-up Bidder is an arms-length transaction and is being entered into in good faith by the parties.

G. The Back-up Bidder is deemed to be good faith purchasers of the Property within the meaning of Section 363(m) of the Bankruptcy Code and are therefore entitled to all the protections afforded thereby.

H. No evidence has been presented to the Court of any agreement amongst potential bidders that impacted the bidding and/or sale price.

I. The Sale to the Back-up Bidder in accordance with this Order will comply with the Plan. In furtherance of the foregoing, the Secured Creditors may assign their successful bid to a nominee, designee or assignee at or before closing on the sale of the Property.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

ORDERED, that pursuant to Sections 363(b), (f) and (m) of the Bankruptcy Code that the Debtor and the Secured Creditors are authorized, empowered and directed to consummate the Sale of the Property to the Back-up Bidder for a credit bid plus sufficient cash to allow the Plan to become effective; and it is further

ORDERED, that the Debtor is hereby authorized to sell the Property to the Back-up Bidder and such sale shall be free and clear of all claims, liens, and encumbrances against the Property of any nature whatsoever (except as to the extent that the Secured Creditor's liens are assigned to a lender to the Back-up Bidder), pursuant to 11 U.S.C. § 363(b) and (f), except for the Claims of the Class Action Plaintiffs, pursuant to section 4.6 of the Plan, and the Back-up Bidder shall take the Property subject to such Class Action Claims; and it is further

ORDERED, that the Back-up Bidder is assuming and the Debtor shall assign to the Back-up Bidder all residential leases; and it is further

ORDERED, that the Debtor shall assign to the Proponents, who may, in their discretion, transfer to the Back-up Bidder, all rent arrears from tenants and former tenants at the Property pursuant to section 5.1 of the Plan; and it is further

ORDERED, that the Back-up Bidder shall not assume and the Debtor shall be deemed to have rejected all non-residential leases and executory contracts, unless the Back-up Bidder complies with the Plan's requirements in section 5.1 of the Plan, including by filing and serving an Assumption Notice (as defined therein); and it is further

ORDERED, that effective on the date of entry of this Order, all entities, including, but not limited to, the Debtor and its creditors, employees, former employees, members, equity owners, the Successful Bidder, as well as administrative agencies, tax and regulatory authorities, governmental agencies, secretaries of state, federal, state and local officials, and their respective successors or assigns, including, but not limited to, persons asserting any claim and encumbrances against the Property, shall be permanently and forever barred, restrained and enjoined from commencing or continuing in any manner any action or other proceeding of any kind against the Property or the Back-up Bidder its members, representatives, affiliates, assignees, designees, nominees, successors in interest or otherwise, with respect to: (i) any claims and encumbrances on, in respect of or against the Debtor or the Property; and (ii) recovering on any claim which such person or entity had or may have against the Debtor or Property, except as to the Claims of the Class Action Plaintiffs, which pursuant to section 4.6 of the Plan, shall continue as to the Property and Back-up Bidder shall take the Property subject to such Class Action Claims; and it is further

ORDERED, that notwithstanding anything to the contrary, for avoidance of doubt, nothing contained herein shall constitute any waiver of the Secured Creditors' rights and

remedies relating to a deficiency claim against any guarantor or other non-Debtor entity liable to the Secured Creditors; and it is further

ORDERED, that the Back-up Bidder is deemed to be a good faith purchaser pursuant to 11 U.S.C. § 363(m) and is therefore entitled to the protections set forth therein; and it is further

ORDERED, that the Debtor, the Secured Creditors and the Back-up Bidder are authorized to execute any and all documents necessary to effectuate the Sale of the Property as set forth herein; and it is further

ORDERED, that at the closing of the sale of the Property, the Debtor (or its agent) and, where applicable, the Receiver (as defined in the Plan) shall deliver all documents and items necessary to convey title to the Back-up Bidder including:

    (i) A Purchase and Sale Agreement and/or Deed that provides for the conveyance of title to the Back-up Bidder, the terms of which shall be acceptable to the Secured Creditors and the Back-up Bidder;

    (ii) All documents to show that the Debtor is not a "foreign person" within the meaning of Section 1445 of the Internal Revenue Code 1986, as amended, or any regulations promulgated thereunder (as such "foreign person" is defined in the Internal Revenue Code);

    (iii) All documents relating to the Property including (without limitation) original leases and copies of leases relating to the Property, to the extent that such documents are in the possession, custody or control of the Debtor or the Receiver and/or their affiliates, agents, employees and managing agent;

    (iv) A bill of sale;

    (v)  All keys and/or access cards relating to the Property, to the extent that such keys and/or cards are in the possession, custody or control of the Debtor or the Receiver and/or their affiliates, agents, employees and/or agent or the Receiver;

    (vi)  An Assignment of Leases from the Debtor to the Back-up Bidder for all unexpired leases that are to be assumed and assigned;

    (vii)  A notice to all tenants from the Debtor that the Back-up Bidder is the owner of the Property and that such tenant's lease has been assigned to the Back-up Bidder or rejected, as the case may be;

    (viii)  An executed title affidavit and any other document required by the title company to issue a title insurance policy to the Back-up Bidder; and

    (ix)  Any other document reasonably required to effectuate the closing of the sale of the Property to the Back-up Bidder, and it is further

  ORDERED, that the fourteen-day stay provided for in Rule 6004(h) of the Federal Rules of Bankruptcy Procedure is waived and shall not be in effect and, pursuant to Rule 6004, 7062, and 9014 of the Federal Rules of Bankruptcy Procedure, this Order shall be effective and enforceable immediately upon entry; and it is further

  ORDERED, that each and every federal, state and local government agency or department is hereby directed to accept any and all documents necessary and appropriate to consummate the sale of the Property as set forth herein and a copy of this Order may be filed in any place where state, federal or local law permits filing or recording; and it is further

  ORDERED, that this Order shall be binding upon the Debtor, its successors and assigns, and any trustee that may be appointed in the case or any case under Chapter 7 of the Bankruptcy Code to

which such case may be converted, and any affected third parties, including without limitation any encumbrances against or claims or interests in the Debtor's estate or any of its assets, and all other persons and entities, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons or entities who may be required by operation of law or by the duties of their offices to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report to or insure title or state of title in or to any of the Debtor's assets; and it is further

ORDERED, that pursuant to Section 1146(a) of the Bankruptcy Code, the sale of the Property as contemplated by the Bid Procedures Order, the Plan, and this Order shall be exempt from the payment of transfer, stamp, deed, mortgage recording, or similar taxes, including without limitation, and any recorder of deeds or similar official for any governmental unit in which any instrument hereunder is to be recorded shall be ordered and directed to accept such instrument without requiring the payment of any transfer, stamp, deed, mortgage recording, or similar taxes; and it is further

ORDERED, that at the closing of the Sale of the Property, the Distribution Agent (as defined in the Plan) shall make all payments required to be made under the Plan; and it is further

ORDERED, that the Back-up Bidder shall pay the Broker $115,000 plus $3,767 for the Broker's expenses at the closing of the Sale of the Property; and it is further

ORDERED, that pursuant to section 8.1 of the Plan, the Disbursing Agent is authorized to sign any and all documents in connection with the sale and transfer of the Property to the Back-up Bidder on behalf of the Debtor at or in anticipation of closing of the Sale, including the deed, ACRIS transfer documents, assignment of leases and rents, title affidavit(s), escrow

agreement, settlement statement, non-foreign person certification, and bill of sale; and it is further

ORDERED, that this Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). To any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs entry of judgment as set forth herein; and it is further

ORDERED, that the provisions of this Order shall survive and be enforceable in the event of conversion of this case to Chapter 7 of the Bankruptcy Code or dismissal; and it is further

ORDERED, that within fourteen (14) days after the conclusion of the Closing, the Secured Creditors will provide the United States Trustee (attention: Nazar Khodorovsky, Esq., Trial Attorney) with a copy of the closing statement by electronic mail message. The Debtor shall report any disbursements made at closing in its relevant monthly operating report(s) and/or post-confirmation reports (as applicable); and it is further

ORDERED, that this Court shall retain jurisdiction to determine any dispute which may arise under, relating to or with respect to this Order.

Dated: New York, New York
      March   , 2023