UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

In re:  203-205 North 8th Street Loft, LLC,

Chapter 11

Case No. 20-40793 (NHL)

          Debtor.

-------------------------------------------------------------------------x

In re:  3052 Brighton First, LLC,

Chapter 11

Case No. 20-40794 (NHL)

          Debtor.

-------------------------------------------------------------------------x

JOSEPH TEICHMAN, affirms under penalty of perjury as follows:

1.      I am the Authorized Person of JEST Holdings, LLC ("JEST") and make this Affirmation in lieu of an Affidavit because I am an Orthodox Jew and not permitted to make an oath. This Affirmation is submitted (i) in support of the Application (the "Application") of JEST for the entry of an order pursuant to Section 105(a) of Title 11, United States Code and Rule 2004 of the Federal Rules of Bankruptcy Procedure authorizing and directing the production and turnover of documents, books, records and communications by and the examination of the Debtors, Rosenberg Musso & Weiner, LLP ("RMW") and Chaim Miller, as more particularly set forth in the Application; and (ii) in reply to the Response (the "Response") of RMW in Opposition to Application.

2.      The statements made by Mr. Weiner in the Response are invented out of whole cloth and represent a completely revised version of what transpired.  Specifically, Mr. Weiner alleges that "Miller arranged with Jest for money that according to Jest Miller wanted to use to try to reach a settlement with the secured creditors in the Debtors' cases.  Jest giving money to Miller does not

relate to an act or conduct of the Debtors." To be sure, Jest never gave any money to Mr. Miller and this was not the intended purpose of the escrow agreements JEST entered into with Mr. Weiner.

3.      At all times relevant, I dealt with Mr. Weiner in his capacity as Chapter 11 counsel to the above-captioned Debtors (that is how he held himself out to me)[1] and Mr. Miller in his capacity as representative of the Debtors. Mr. Miller is not a party to any of the escrow agreements. In fact, he is not mentioned at all therein. I signed the escrow agreements on behalf of JEST in order to provide funds to the Debtors, not to Mr. Miller personally. Again, that was the express purpose of the escrow agreements. For Mr. Weiner to now suggest otherwise is simply shocking.

4.      In the Response, Mr. Weiner further alleges that Mr. Miller demanded that RMW not release any more funds to Jest. As demonstrated in the Exhibits to the 2004 Application, however, this was never the reason provided to me for why Mr. Weiner would not return JEST's funds. Instead, Mr. Weiner provided an entirely different string of excuses to me as to why the funds could not be returned, including court hearings, bank limitations on the amount of transfer and doctor's appointments. Never did Mr. Weiner even suggest that Mr. Miller prevented the payment and, in fact, he consented to the release of funds. I have clearly been lied to.

5.      Moreover, by the express terms of the escrow agreements, the funds were to be returned to JEST upon demand, which demand was properly made. The settlements anticipated by the escrow agreements never occurred and where never approved by the Bankruptcy Court. In fact, I am advised that the Bankruptcy Court was never even advised of the existence of these escrow agreements. Mr. Miller did not have any contractual say on whether these funds could be returned upon demand. That Mr. Weiner has unilateral granted Mr. Miller rights that do not exist under the

---

[1] I am advised by counsel that as counsel to the Chapter 11 Debtors, neither Mr. Weiner not RMW could represent any other party in connection with matters relating to these Chapter 11 cases.

2

escrow agreements only demonstrates that Mr. Weiner is hopelessly conflicted and appears to be assisting Mr. Miller in the conversion of JEST's (and other's) funds.

**WHEREFORE,** JEST respectfully requests that this Court grant its Application in its entirety, enter an Order pursuant to Rules 2004 and 9016 of the Bankruptcy Rules, authorizing the Proponents to serve the Subpoenas directing the Debtors, RMW and Miller to produce and turnover the Documents and to appear for examination, and for such other and further relief as this Court deems just and proper.

Dated:  Brooklyn, New York
          March 9, 2023

/s/ Joseph Teichman
Joseph Teichman
